By the Court.
The defendant in error brought an action in the court of common pleas against The Cincinnati Traction Company for negligently causing the death of Albert Cahill.
The defendant in its answer admitted that one of its cars ran over and killed the boy, but denied all other allegations of the petition. This put at issue the averments of negligence, including the charge of excessive speed, failure to give warning by sounding a bell, or otherwise, and failure to *47 maintain the proper lookout for pedestrians who might be crossing the street. The case was tried to a jury, and a verdict for the plaintiff for $1500 was rendered. To the judgment on this verdict, the defendant prosecutes error.
The record shows that the plaintiff’s intestate, a four year old boy, had crossed the street in the middle of the block to sell some pieces of metal to a junk* dealer, whose wagon was almost opposite his home. The street at this point was 40 feet wide. The distance from the south rail to the curb was 14 feet. The boy was at the wagon as the car approached it. As he ran back across the street toward his home, he was struck and killed by the car.
The contention of the defense was that the accident was unavoidable, and that the boy suddenly and unexpectedly came into the path of the oncoming car when it was at such distance that the motorman was unable to avert the injury.
Several specifications of error are relied upon.
At the request of plaintiff below the court gave several charges.
Plaintiff’s special charge No. 1 was as follows:
“If the jury believe-from the evidence that the motorman on the defendant’s car which killed Albert Cahill as alleged in the petition and admitted in the answer, was running said car at a high and excessive rate of speed, under the circumstances and conditions then prevailing, on Harris Avenue, when he did see, or ought to have seen him in time to stop said car before it hit him, and he did not do so, then the said motorman was guilty of negligence and the defendant is liable.”
*48 A motorman is only required to stop his car when he sees a person in the vicinity, if there is something that should lead a person of ordinary care and prudence to believe that failure to stop the car would cause injury. The statement of law in the charge given would require the motorman to stop without regard to whether there was anything in the circumstances that would or should cause him to expect, someone to come in the path of the car. The cause falls within the rule stated in Cincinnati Traction Co. v. Simon, Admr., 8 C. C., N. S., 515. This error concerns the vital issue in the case and necessitates a new trial.
The court was not warranted in stopping counsel in the making of an argument which careful analysis shows was not improper; but under all the circumstances this ruling alone would not appear -to have been so prejudicial as to require a reversal of the case.
We have examined the other errors assigned, but find them not well taken.
The judgment will be reversed and the cause remanded for a new trial. '

Judgment reversed, and cause remanded.

Shohl, P. J., Hamilton and Cushing, JJ., concur.