496        OHIO APPELLATE REPORTS.

Cincinnati Trac. Co. *v.* Cahill, Admr.    [16 Ohio

## THE CINCINNATI TRACTION CO. *v.* CAHILL, ADMR.

*Negligence—Measure of damages for wrongful death—Charge to jury—Contributory negligence by next of kin—Exercise of care in crossing street—Argument to jury—Incompetent hearsay testimony.*

1. In actions brought for wrongful death it is within the discretion of the jury to make such award as they consider proper and reasonable for the pecuniary injury, and a verdict so rendered will not be set aside by a reviewing court unless the amount awarded is so excessive as to have been given under the influence of passion or prejudice or as a result of the jury's misunderstanding of their duties and obligations under the law.

2. Where, in such an action, the next of kin are the real parties in interest, contributory negligence on the part of one of them bars a recovery as to him, but it is not error for the trial court to refuse to charge on such point where neither the pleadings nor the evidence tend to show any contributory negligence.

3. In an action for damages for wrongful death it is not error for the court to charge: "If the motorman in charge of the car which ran down and killed * * * deceased, saw him, or by the exercise of ordinary care should have seen him, when he was about to cross, or was in the act of crossing the said Harris Avenue, and the street car tracks of the defendant thereon, such distance in front of said car, that the said motorman by the exercise of ordinary care could have stopped said car without hitting and killing the said Albert Cahill, and did not do so, the defendant company is liable."

4. Testimony which is properly ruled out, being hearsay, is not a proper subject of argument to the jury.

(Decided June 12, 1922.)

ERROR:   Court of Appeals for Hamilton county.

*Mr. H. K. Rogers,* for plaintiff in error.
*Messrs. Crosley & Rogers,* for defendant in error.

BY THE COURT. The action below was brought by the administrator of Albert Cahill, deceased, on behalf of the next of kin of the decedent, to recover damages for wrongful death. This is the second time this cause has been before this court on error.

Cahill, who was about four years of age, was crossing Harris avenue, coming from the north side, when he was struck and killed by one of the defendant's cars, which was being operated eastwardly on the south track of the street.

The jury returned a verdict for the plaintiff for $5,000, upon which judgment was entered, and these proceedings are brought to reverse that judgment.

It is claimed that the verdict is excessive, that certain special charges requested by the defendant were improperly refused by the court, that an erroneous special charge, requested by the plaintiff, was given, and that the court erred in striking out certain testimony given on cross-examination, and did not permit the attorney for defendant to discuss such testimony in his argument to the jury.

The question of damages was submitted to the jury, under proper instructions given by the court, and a verdict was returned as above. This was, under the code, a question for the jury to determine, and unless the amount is so excessive as to have been given under the influence of passion or prejudice, or as a result of a misconception by the jury of their duties and obligations under the law, the verdict must stand.

498     OHIO APPELLATE REPORTS.

Cincinnati Trac. Co. *v.* Cahill, Admr.     [16 Ohio

Section 10772, General Code, provides, in part: "And the jury may give such damages as it may think proportioned to the pecuniary injury resulting from such death, to the persons, respectively, for whose benefit the action was brought."

It is, in actions brought for wrongful death, within the discretion of the jury to make such an award as they consider proper and reasonable for the pecuniary injury. This is not based on any mathematical tables, nor is the amount such as can be proven with any reasonable certainty. It is the reasonable expectancy of pecuniary benefit to the next of kin, and may comprise what might reasonably have been expected from decedent during his life and also from his estate at death. This is the pecuniary damage resulting from the death, and it is determined by probabilities.

It is not contended that any evidence was offered or argument advanced by counsel which tended to inflame or arouse the passion or prejudice of the jurors. The only contention is that the amount of the verdict is so excessive that it could not have been arrived at except as a result of passion or prejudice.

We cannot say that the verdict of the jury was so large as to have been arrived at only through the influence of passion or prejudice.

The second ground of error urged is that the trial court erred in refusing to give to the jury charges on the subject of contributory negligence of the mother, not for the purpose of defeating recovery, but to reduce the amount of recovery to the extent the mother would share therein.

Where the next of kin are the real parties in in-

terest, the contributory negligence of any one of them bars a recovery of damages as to him.

The answer did not set up contributory negligence of the mother, nor did the evidence tend to show contributory negligence on her part, so that the court was not in error in refusing to charge on this subject.

Error is claimed in the refusal of the court to give the following charge, at the request of the defendant:

"I charge you that the motorman in operating his car over Harris avenue had a right to presume until he learned, or ought to have learned to the contrary, that the parents or others in charge of small children, whose homes were on either side of Harris avenue, would perform their duty to exercise care to prevent such infants from being on Harris avenue unattended."

This might be a matter of argument, but there was no evidence to warrant or justify such a charge. There is nothing to show that the mother did not exercise care to prevent her child from going upon the street, or that she had any knowlerge that the child was or would go thereon unattended.

Refusal to give the following instruction is also claimed as error:

"The evidence is undisputed that the child was run over between intervening streets. The court instructs you that the degree of care which a motorman must exercise between intersecting streets is not as great as that required at intersections, and that in considering whether or not the motorman was negligent, it is your duty to bear that

500        OHIO APPELLATE REPORTS.

Cincinnati Trac. Co. v. Cahill, Admr.    [16 Ohio

fact in mind, and that cars are not required to be held under the same degree of control between intersecting streets as they must be held while approaching or crossing an intersection."

This instruction does not state what degree of care is required under the conditions there present. It merely states that the degree is different between one point and another, but it should be ordinary care under all circumstances and conditions then present.

The case of *Bethel* v. *Cincinnati Street Ry. Co.*, 15 C. C., 381, at 385, is relied on as an authority. This is a case where the issue was contributory negligence, and the entire discussion was in reference to that issue. It is stated in that opinion that the remarks made in reference to cars between intersecting streets are solely with reference to the facts in that case. In this case with a young child the question of contributory negligence could not arise, and the charge as offered would not aid the jury in the determination of the case.

One of the witnesses testified that the child received a penny from a junk dealer. This was brought out on cross-examination. It later developed that the witness was unable to see that it was a penny that had been handed to the child, but that her knowledge of this fact was gained by hearsay. The court then ruled out this testimony, and the attorney for defendant objected, saying that it should have remained in and he be allowed to refer to it in his argument to the jury. As this testimony was ruled out, and properly so, being hearsay, it was not a subject of argument.

Plaintiff requested the following charge, which the court gave, to which the defendant excepted, and

which he claims was erroneous. It is as follows:

"If the motorman in charge of the car which ran down and killed the said Albert Cahill, deceased, saw him, or by the exercise of ordinary care should have seen him, when he was about to cross, or was in the act of crossing the said Harris avenue, and the street car tracks of the defendant thereon, such distance in front of said car, that the said motorman by the exercise of ordinary care could have stopped said car without hitting and killing the said Albert Cahill, and did not do so, the defendant company is liable."

It is claimed that under authority of *Cincinnati Traction Co.* v. *Simon, Admr.,* 8 C. C., N. S., 515, and *Cincinnati Traction Co.* v. *Cahill, Admr.,* 13 Ohio App., 46, the phrase "about to cross Harris avenue" is erroneous, in that at that time there was no duty on the part of the motorman to stop, but this charge adds another element. It reads "when he was about to cross, or was in the act of crossing the said Harris avenue, *and the street car tracks of the defendant thereon.*" It did not alone say about to cross the street, but also to cross the tracks. This would put the child in a position of peril. There was no such limitation in the *Simon case,* nor was there such a limitation in the charge referred to in the opinion on the first trial of this case.

Finding no error prejudicial to the plaintiff in error, the judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.