Allen, J.
 

 The legal question in this case is as to the effect of the special verdict of the jury rendered at the trial in the court of common pleas. This special verdict reads as follows:
 

 “We, nine or more of the jury in the above entitled cause, do find as follows: On September 27th, 1925, plaintiff was riding in defendant’s automobile, being then and there driven by Angelo Delmul, plaintiff’s brother, at defendant’s request — to which plaintiff did not object. They were returning from a place in Ashtabula county, coming west on Euclid avenue, toward Cleveland in the roadway reserved exclusively for west bound traffic. It was raining slightly.
 

 “At about Stop 212 east of Cleveland, after passing three automobiles proceeding in the same direction at about 25 miles per hour, said passing being to the left of said automobiles, the left wheels of the defendant’s automobile left the pavement on the left side and in trying to regain the pavement said automobile skidded immediately to the right and the right side of the automobile struck a telephone pole located just north of the northerly or right hand side of the pavement, which was twenty feet wide.
 

 “At the time of said occurrence the driver of said automobile was keeping a sufficient lookout, was driv
 
 *650
 
 ing at a reasonable rate of speed, had his car under proper control until he began to skid and neither theretofore nor thereafter was there anything he could have done in the exercise of ordinary care to avoid the accident. He was unable to divert the course of the automobile after it suddenly began to skid. If, upon these facts, the Court is of the opinion that plaintiff is entitled to recover, we do find that plaintiff has been damaged in the sum of no compensation. Signed by ten.”
 

 Exceptions were taken to this verdict by counsel for plaintiff, upon the ground that it set out conclusions of law, and did not constitute a finding upon the facts in the case. Upon motion of the defendant, judgment was entered in favor of the defendant upon the special verdict. The Court of Appeals, however, reversed this judgment, upon the ground that the jury did not find upon all of the issues, and for the further reason that the verdict was in form and effect a general verdict for the defendant. This requires a consideration of the purpose and effect of special findings. The special verdict was filed under Section 11462, General Code, which reads as follows:
 

 “When requested by either party, the court shall direct the jury to give a special verdict in writing, upon any or all issues which the case presents. ’ ’
 

 It is urged by the defendant in error, plaintiff below, that this statute was adopted verbatim from the state of Indiana, that it had received a settled construction in the state of Indiana at the time of its adoption, and that under the Indiana decisions the special findings cannot sustain the judgment. It is true that Section 5201, Revised Statutes, from which
 
 *651
 
 Section 11462, General Code, was derived, as it appears in 91 Ohio Laws, 298, enacted in 1894, is almost a verbatim copy of the statute enacted in Indiana in 1852. Of its eleven lines, the first eight lines are, with a few entirely immaterial variations, identical with the Indiana Statute. Revised Statutes of Indiana 1852, voL II, page 114. The section appears also in exactly the same form in 2 Bates Revised Statutes of Ohio (1906), 2780. The
 
 per curiam
 
 opinion in
 
 Gale
 
 v.
 
 Priddy,
 
 66 Ohio St., 400, 64 N. E., 437, states that Section 5201 was adopted from Indiana, and grounds its judgment in part upon that proposition. However, the Indiana cases upon the contentions raised by the defendant in error do not sustain his argument that the judgment of the trial court was properly reversed. The Indiana decisions do state the general rule that the special verdict should find facts only, and not conclusions of law.
 
 Pittsburgh, Cincinnati & St. Louis Rd. Co.
 
 v.
 
 Spencer,
 
 98 Ind., 186;
 
 Indianapolis, Peru & Chicago Ry. Co.
 
 v.
 
 Bush,
 
 101 Ind., 582. This is also the Ohio rule.
 
 Brier Hill Steel Co.
 
 v.
 
 Ianakis,
 
 93 Ohio St., 300, 112 N. E., 1013;
 
 Mason Tire & Rubber Co.
 
 v.
 
 Lansinger,
 
 108 Ohio St., 377, 140 N. E., 770. However, we do not agree with plaintiff in error upon the proposition that a special verdict which contains some conclusions of law is thereby invalidated, if as a matter of fact the special verdict states essential facts apart from the conclusions of law, upon which a judgment may be founded. Thus in numerous Indiana cases the court has held that a finding of negligence in a special verdict constituted a conclusion of law, but disregarded the conclusion inasmuch as the facts found showed the defendant guilty
 
 *652
 
 of negligence.
 
 Conner
 
 v.
 
 Citizens Street Ry. Co.,
 
 105 Ind., 62, 4 N. E., 441, 55 Am. Rep., 177;
 
 Terre Haute & Indianapolis Rd. Co.
 
 v.
 
 Brunker,
 
 128 Ind., 542, 26 N. E., 178. The latter case held in the syllabus that “ A special verdict is not vitiated by reason of stating conclusions of law, if, after eliminating all such conclusions, the necessary facts are fully set forth.” In that case it was urged that the special verdict was invalidated because it contained the words “exercising reasonable prudence and caution.” The court pointed out, page 548 of 128 Ind., 26 N. E., 178, 179, that the words, “he drove his team walking towards the crossing,” are clearly a statement of finding of fact. The court held that these and numerous other facts found justified the court in rendering judgment for the appellee upon the ground that the verdict stated the facts fully after eliminating therefrom everything that could possibly be regarded as conclusions of law.
 

 The special verdict then, under plaintiff’s own authorities, is not vitiated by the presence of conclusions of law if as a matter of fact it contains the findings of essential facts from which the court as a matter of law may properly draw, and is in fact compelled to draw, a conclusion as to legal liability. The special verdict does contain such essential facts. The first two paragraphs contain findings of fact only. The special verdict then states that the driver of the automobile was driving at a reasonable rate of speed. While this is a qualified statement, it is a statement of fact. The special verdict then states that the driver of the automobile was unable to divert the course of the automobile after it suddenly began to skid. This is a finding of fact. The claimed
 
 *653
 
 liability of the defendant rests upon the hypothesis that the plaintiff’s brother was the defendant’s agent. These findings of fact in the special verdict, however, warranted and required the court to enter judgment for the defendant.
 

 We disagree with the Court of Appeals upon the proposition that a special verdict is invalid unless there is a finding of ultimate facts upon all the issues. This is not the law of Indiana, upon which defendant in error relies so strongly. Thus
 
 Graham
 
 v.
 
 State, ex rel. Bd. of Commrs. of Jefferson County,
 
 66 Ind., 386, held that, if the facts proved and found in a special verdict leave some issues in the case undetermined, these issues must be regarded as not proved by the party having the burden of proof, and in such case a special finding is not objectionable because it does not pass upon all the issues.
 
 Giants
 
 v.
 
 City of South Bend,
 
 106 Ind., 305, 6 N. E., 632;
 
 Louisville, New Albany & Chicago Ry. Co.
 
 v.
 
 Hart,
 
 119 Ind., 273, 21 N. E., 753, 4 L. R. A., 549.
 

 Section 11462 specifically states that the jury may find upon “any or all issues.” While this was not the precise point upon which the case of
 
 Pennsylvania Rd. Co.
 
 v.
 
 Vitti, Admr.,
 
 111 Ohio St., 670, 146 N. E., 94, turned, still necessarily the conclusion in that case was bottomed upon the proposition that a special verdict is not rendered invalid by a failure to find upon every one of the issues. The burden of proof was upon the plaintiff here to establish the material allegations of the petition, and upon those issues undetermined in the special verdict this court considers that the plaintiff did not sustain his burden of proof.
 

 We conclude that the Court of Appeals erred in its
 
 *654
 
 view that the special verdict constituted a general verdict for the defendant. The Court of Appeals grounded its view of this matter evidently upon the proposition that the jury found that the plaintiff was entitled to no compensation. This, however, was also a finding of fact as to the amount of damages. Under the statute, Section 11465, the jury is entitled to assess the amount of recovery only when by the verdict either party is entitled to recover money from the adverse party. Since by the special verdict the plaintiff was not entitled to recover money from the defendant, the jury was not entitled to assess the amount of recovery; but its finding upon that point constituted, not a general verdict, but a finding of fact upon the all-important question of compensation.
 

 It follows that the judgment of the Court of Appeals must be reversed and the judgment of the court of common pleas affirmed.
 

 Judgment of Court of Appeals reversed and that of common pleas affirmed.
 

 Marshall, C. J., Matthias, Day, Kinkade and Robinson, JJ., concur.
 

 Jones, J., not participating.