Turner, J.
 

 Defendant-appellant’s principal contention is that the evidence proves no pecuniary damage.
 

 This is an action under Section 10509-167, General Code, which provides in part :
 

 “An action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children and other next of kin of the decedent. The jury may give such damages as it may think proportioned to the pecuniary injury resulting from such death, to the persons, respectively, for whose benefit the action was brought.”
 

 In his brief appellant says:
 

 “There exists no authoritative statement from this court regarding damages in infant death cases which may occur in this state.”
 

 We adopt the following statement to be found in 25 Corpus Juris Secundum, 1252, Section 103:
 

 “There can be no exact or uniform rule for the determination of the value of services or assistance which
 
 *54
 
 the deceased child would have rendered had death not intervened. Factors for consideration are the age, sex and physical and mental condition of the child, and the position in life, occupation and physical condition of the parents. The value of the services is to be estimated on the basis of what children in the same condition and station of life and of like capabilities are ordinarily worth, without regard to any peculiar value which the parents might attach to the child’s services. In case the minor is a girl, the jury cannot consider the chance of her marrying before she arrives at full age, where there is no clear evidence before them by which they could arrive at a reasonably definite conclusion on the subject.”
 

 In the case of
 
 Karr, Admr.,
 
 v.
 
 Sixt,
 
 146 Ohio St., 527, 67 N. E. (2d), 331, it was held in paragraph four of the syllabus as follows:
 

 “Under Section 10509-167, General Code, providing that in an action for wrongful death any award of damages is to be governed by the ‘pecuniary injury’ resulting from the death, a presumption of pecuniary injury ordinarily exists in favor of those persons legally entitled to services, earnings or support from the decedent. ’ ’
 

 In addition to the foregoing presumption, the evidence showed the mother to be 22 years of age, the husband 30 years old and with an income of $50 per week. The family was possessed of very little personal goods.
 

 It is the law of this state that until the child is emancipated its wages belong to the parent.
 

 In 30 Ohio Jurisprudence, 581, Section 31, it is said:
 

 “Obviously, where an unemancipated minor child has been injured through the wrongdoing of another, the parent as well as the child may suffer pecuniarily.”
 

 In the case of
 
 Clarke v. Eighth Avenue Rd. Co.,
 
 238 N. Y., 246, 144 N. E., 516, 37 A. L. R., 1, it was held that the parent of an infant injured by another’s neg
 
 *55
 
 ligence may recover what the jury may fairly say from the evidence is sufficient to compensate the parent for the presumptive loss of service of the infant during his minority, less what it would have cost to have supported and maintained him during that time, had he not been injured.
 

 The A. L. R. report of the foregoing case is followed by an annotation beginning at page 11.
 

 Not only is the parent entitled to the minor’s earnings until emancipated, but the adult child, if able, is required to support an aged destitute parent. Section 12429, General Code.
 

 In 149 A. L. R., 235, it is said:
 

 “The great weight of authority is to the effect that substantial damage may be recovered by the parents of a minor child, or others who may have a right to bring an action to recover damages for his wrongful death, notwithstanding the fact that such child had never been gainfully employed, such damage.s-.lo be measured by the experience and judgment of the jury, enllghtenecTby a knowledge of the age7Ne~x"~and physicaFand mental characteristics-^ the child, supplemented,' when ' available,'"with "evidence as to the position in life and earning capacity" of the parents, as well as’Fyidence as to "the rendition, if any, of household services..by the minor.”
 

 In the case of Fhl, Admr., v.Forty Second St. &
 
 Y., 317, 7 Am. Re
 
 p.
 
 ,
 
 Grand St. Ferry Rd. Co.,
 
 47 N. 450, the court said:
 

 “It was within the province of the jury, who had before them the parents, their position in life, the occupation of the' father, and the age and sex of the child, to form an estimate of damages with reference to the pecuniary injuries, present or prospective, resulting to the next of kin. Except in very rare instances, it would be impractical to furnish direct evidence of anv specific loss occaslWgdHTV~tfae~duatli_<i.fba child of such tender years; and to hold that, without
 
 *56
 
 such proof, the plaintiff could not recover, would, in effect, render the statute nugatory in all cases of this description. It cannot be said, as a matter bf lawjthat there is "no” pecuniary damage in such a case, or that the expense of maintaining and educating the child would necessarily exceed any pecuniary advantage which the parents could have derived from his services had he lived. These calculations are for the jury, and any evidence on the subject, beyond the age and sex of the child, the circumstances and condition in life of the parents, or other facts existing at the time of the death or trial would necessarily be speculative and hypothetical, and would not aid the jury in arriving at a conclusion.”
 

 In 17 Corpus Juris, 1331, Section 201, quoted with approval in
 
 Ochsner, Admr.,
 
 v.
 
 Cincinnati Traction Co.,
 
 107 Ohio St., 33, 42, 140 N. E., 644, it is said :
 

 “The mental, moral and physical characteristics of the child must be considered, as well as his expectation of life, in determining the extent of the pecuniary aid which he would probably give to his parents, and the jury are authorized to take into consideration the probable future increase of earning capacity of the _child. ’ ’ ~~
 

 ~~ We are of the opinion that by the death of this child _the parents sustained a pecuniary loss.
 

 Appellant claims there was misconduct on the part of the jury. The record discloses that the jury, after deliberating some time, returned to the court room and propounded to the court two written questions concerning which the following occurred:
 

 “Question 1. Did this man carry any insurance? (a) What kind? (b) How much?
 

 “The court wishes to instruct you that if any of you have any idea that the defendant did or did not have any insurance, you should disregard such idea concerning insurance as that has no bearing on this case whatsoever — you are not concerned whatsoever with
 
 *57
 
 that — it should have no bearing on your verdict in this case. You can’t consider that. It should be disregarded from your minds, so forget about the insurance question. Do not base any verdict on anything about insurance in this case. Is that clear to the jury?
 

 “To which question of the court, the jurors nodded in the affirmative.
 

 “Court: Question 2. What portion of this accident and funeral expense did he pay? (a) Or offer to pay? The court instructs you that for the jury to consider funeral and medical expenses, it was upon the plaintiff to prove by a preponderance of the evidence that one of the beneficiaries herein either paid, or was obligated to pay, the funeral expenses and the medical expenses in this case. No evidence was offered so, therefore, the court instructs you that since no evidence has been offered, you should disregard those items in arriving at your verdict. Is that clear?
 

 “To which question of the court, the jurors nodded in the affirmative.
 

 “Court: Anyone may ask any further questions. If that is all, you may again be taken to the jury room for further deliberations.
 

 “Whereupon, the jury again retired to the jury room for deliberation. ’ ’
 

 • No objection to the foregoing procedure was raised. It is not suggested that the answers to the questions were incorrect but simply that the subject of insurance arose and the appellant, therefore, claims that a mistrial should have been declared and the jury discharged.
 

 We are of the opinion that no prejudicial error occurred. See, also, Section 11364, General Code.
 

 Appellant claims further that the verdict of the jury in this cause was excessive and appears to have been given under the influence of passion and prejudice which prevented appellant from having a fair trial. After an examination of the record we are of the
 
 *58
 
 opinion that the verdict is not excessive and does not appear to have been given under the influence of passion or prejudice.
 

 Being of the opinion that the record in this case discloses no prejudicial error, the judgment of the Court of Appeals should be, and hereby is, affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias and Zimmerman, JJ., concur.
 

 Hart, Stewart and Taft, JJ., dissent.