**SMITH, Admr., Plaintiff-Appellee, v. PENNSYLVANIA RAILROAD COMPANY, a corporation, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4465. Decided November 2, 1950.

Porter, Stanley, Treffinger & Platt, Columbus, for defendant-appellant.

Herbert & Dombey, Columbus, for plaintiff-appellee.

## OPINION

By THE COURT.

This is an appeal on questions of law from the Common Pleas Court of Franklin County, Ohio. The action is for damages for wrongful death of a railroad yard conductor, and was brought under the Federal Employers' Liability Act. The case was tried to a jury which rendered a special verdict in the amount of one hundred thousand dollars. A motion for judgment non obstante veredicto was filed and overruled. Judgment was entered on the verdict. A motion for new trial was filed and overruled.

Seventeen assignments of error have been filed, which appellant has grouped and discussed under seven separate headings. The Court will briefly discuss in the same sequence the principal questions raised by appellant under these seven headings.

I.

Appellant contends that the form of the verdict submitted by the plaintiff and the instructions to the jury failed to fairly, properly and correctly present to the jury the issues of fact in the case; that the jury did not return findings of fact upon all issues presented by the pleadings and in dispute under the evidence; that the special verdict contains conclusions from the facts and conclusions of law which must be disregarded; that the special verdict is indefinite, uncertain and defective and contains findings and conclusions with re-

spect to matters not complained of in the petition and the court erred in failing and refusing to require the jury to find the facts only with respect to all issues which the case presents as established by the evidence.

With respect to the issues involved the court charged the jury as follows:

"The issues of fact upon which the determination of the right of the plaintiff to recover or fail to recover depends are as follows:

"1. Did or did not the defendant, The Pennsylvania Railroad Company, exercise ordinary care, that is such care as an ordinarily prudent employer would have exercised or employed to provide the deceased, Robert P. Smith, who was a switching yard conductor, a reasonably safe place to work under all the conditions and surrounding circumstances existing at the time the decedent, Robert P. Smith, was killed, and if the defendant did not exercise such care did the same cause or contribute to cause the death of Robert P. Smith, the decedent.

"2. Did or did not the decedent, Robert P. Smith, who at the time just prior to his death was a yard conductor and was a member of and in charge of the switching crew engaged in switching cars in Yard C, exercise ordinary care, that is such care as a reasonably prudent person in his position would have exercised under the same or similar circumstances for his own safety, and if he did not exercise such care was the lack thereof the direct cause or a direct contributing cause of his death.

"3. What was the value in money of what the widow and the three minor children of the decedent, Robert P. Smith, could reasonably expect to receive from him had he lived considering the elements to be included and excluding those to be excluded as hereafter stated in this charge of the court.

"4. A finding by the jury of the amount by which the above total is to be diminished in proportion to the percentage by which the failure of the decedent, Robert P. Smith, to exercise ordinary care for his own safety contributed to cause his death, if the jury should find that there was any such failure on the part of the decedent, Robert P. Smith, to exercise such ordinary care and that such failure did contribute to cause his death, together with the amount remaining after making such deduction."

While the trial court should have been more specific in its charge, we are of the opinion that the charge is not open to

the same critisicm as was the charge in **B. and O. Railroad Co. v. Lockwood, 72 Oh St 586, 74 N. E. 1071.** A special verdict is defined in §11420-14 GC, as follows:

"A special verdict is one by which the jury finds facts only as established by the evidence; and it must so present such facts, but not the evidence to prove them, that nothing remains for the court but to draw from the facts found, conclusions of law."

Sec. 11420-16 GC, provides that:

"When requested by either party, the court shall direct the jury to give a special verdict in writing, upon any or all issues which the case presents."

In the instant case the defendant-appellant requested the court to direct the jury to return a special verdict in writing upon all the issues presented. The special verdict returned by the jury is as follows:

"We, nine or more of the jury in the above entitled cause, do find as follows:

"On February 21, 1948, at or about 10:15 P. M., the decedent, Robert P. Smith, an employee of the defendant Pennsylvania Railroad Company, while acting in the scope and course of his employment as a yard conductor in Yard C of the defendant company, and while said decedent and defendant were engaged in interstate commerce, the decedent was ordred and required to comply with a rush order to obtain three cars located on Tracks 12, 21, and 22, respectively; that decedent for the purpose of obtaining the car on Track 22 caused through himself and the members of his crew to attach an engine and tender on to a cut of four cars located in said Track 22 in order to reach said car contained in said rush order; that in so doing decedent was required to work between said cars located on Tracks 21 and 22, and that:

"(1) There were ten or eleven cars parked on Track 21, which was designed by the defendant railroad company to accommodate twelve cars;

"(2) That the front end of the extreme northeasterly car located on Track 21 was parked approximately 64.5 feet southwest of the frog between Tracks 21 and 22, at which point the space was not sufficient to give reasonably adequate and safe clearance to the decedent while working between said tracks.

"(3) That the defendant railroad company, without notice to the decedent, Robert P. Smith, caused to be inserted among the cars on Track 22 a new type of car of more than sixty feet in length, when it knew that Tracks 21 and 22 were not designed to handle safely a box car of such length;

"(4) That the defendant railroad company failed to post any warning signs of the unsafe clearances between said tracks;

"(5) That the defendant railroad company failed to provide lights at the time and place of the accident, which in the exercise of ordinary care it should have done, thereby creating an unsafe and dangerous place in which decedent was required to work;

"(6) That the decedent at the time of the accident was in the exercise of ordinary care for his own safety;

"(7) That the foregoing acts and conduct of the defendant roalroad company was the direct cause of the death of the decedent, Robert P. Smith;

"(8) That the decedent, Robert P. Smith, at the time of his death left surviving him and dependent upon him a widow, Rosezella Smith, age twenty years; and three children: Jacqueline Louise Smith, four years of age; Theda Jane Smith, one year of age; and Barbara Pamela Smith, then unborn, now sixteen months of age, who by his death were damaged in the sum of $100,000.00."

In a special verdict the jury makes a finding of fact, leaving it to the court to apply the law thereto. The jury in a special verdict is required to find ultimate facts, as distinguished from evidentiary facts. Facts not found are regarded as not proved by the party which carries the burden of proof on such issues. Noseda v. Delmul, 123 Oh St 647, 653, 176 N. E. 571; Masters v. N. Y. C. Rd. Co., 147 Oh St 293, 298, 70 N. E. (2d) 898. However, on a factual basis a special verdict will support a judgment if it finds facts sufficient and essential to sustain the cause of action. A special verdict is not vitiated simply because it fails to find on every one of the issues of fact, or that it includes conclusions of law. In such cases conclusions of law are disregarded. Noseda v. Delmul, supra.

The jury was not required to make a finding as to the age of plaintiff's decedent, his earnings per month, or the highest net rate of interest at which money could be safely invested. Such facts are evidentiary facts, as distinguished from ultimate facts. It was not necessary or proper to require a finding of evidentiary facts.

On the issue of contributory negligence the jury found as follows: "That the decedent at the time of the accident was

in the exercise of ordinary care for his own safety." Having found for the plaintiff on this issue the jury was not required to detail the acts of conduct of the plaintiff on which it based its finding. Nothing remained for the court to do but to draw a conclusion of law that the plaintiff was not guilty of contributory negligence.

## II

The defendant-appellant contends that the damages awarded the plaintiff are grossly excessive, appearing to have been given under the influence of sympathy, emotion, passion or prejudice.

While the jury failed to make a special finding with respect to the age of plaintiff's decedent and his life expectancy, there were facts found which we believe are sufficient on which to base the judgment.

We hold that it is not proper to deduct from the annual income of plaintiff's decedent Federal Income Taxes in determining the amount which the decedent would have contributed to his wife and children had he lived. Such taxes are too speculative to be considered by the jury. Stokes v. U. S., 144 F. (2d) 82; Chicago & N. W. Rd. Co. v. Curl, 178 F. (2d) 497. While the verdict is larger than usual we find no basis for a conclusion that the verdict is so excessive that it appears to have been given under the influence of passion or prejudice. There is no factual basis to support this charge.

## III

The appellant contends that in awarding damages, either the jury based its calculation of present worth on speculation or upon secret information obtained from unknown sources and not offered or admitted in evidence or the jury, in violation of law and the instructions of the court, failed to calculate present worth; in either event, its determination of the amount of damages is not based upon the evidence and defendant-appellant has been denied a fair trial and hearing and it has been deprived of its property without due process of law in violation of the Constitutions of the state of Ohio and the United States and in violation of the Federal Employers' Liability Act.

Neither party introduced evidence as to the highest net rate of interest at which money can be safely invested. Defendant-appellant claims that the failure of the plaintiff to introduce such evidence is fatal to plaintiff's case on the ground that an essential fact on which to make a calculation as to damages has not been proven. The lack of such evidence is not fatal. Louisville and N. Rd. Co. v. Holloway, Admr., 246 U. S. 525; Vicksburg, etc., Rd. Co. v. Putnam, 118 U. S. 545; **Beam v. B. and O. Rd. Co., 77 Oh Ap 419, 68 N. E.**

(2d) 159. In our opinion the jury had sufficient evidence before it from which it could calculate the "present worth" of the amount which would have been contributed.

### IV

Appellant contends that the trial court erred in excluding evidence offered by the defendant-appellant appertaining to dependency and to the contributions which plaintiff's decedent would have made to his wife and children had he lived.

The court properly refused evidence as to payroll deductions made from the wages of plaintiff's decedent for Federal Income Tax and Columbus Municipal Income Tax. We find no reversible error in the record in the exclusion of evidence.

### V

Appellant contends that the trial court erred in its charge to the jury in that (a) it failed to separately and definitely state to the jury correctly the issues of fact made by the pleadings and in dispute under the evidence; (b) in refusing special charges requested by the defendant before argument; (c) in charging the jury as requested by the plaintiff-appellee before argument, and (d) in its general charge to the jury.

We find no error committed by the court in its general charge or in its failure to give special instructions requested by the defendant-appellant. The court very properly excluded the issue of assumption of risk. 45 U. S. C. A., Sec. 54. Other matters discussed under this heading have heretofore been disposed of.

### VI and VII

The appellant contends that the trial court erred in refusing to direct the jury to return a verdict for the defendant at the conclusion of the evidence; that the verdict and judgment are against the manifest weight of the evidence and contrary to law; that the trial court erred in overruling motion for judgment notwithstanding the verdict and in overruling the motion for new trial.

After a consideration of the entire record, and because of the view this Court takes with respect to the principal questions raised, we find none of these claimed errors well made.

The record shows that this case was fairly and thoroughly tried, and that substantial justice has been done. Finding no error in the record prejudicial to the rights of the defendant-appellant the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.