CRIDER, ADM., PLAINTIFF-APPELLEE, *v.* COLUMBUS PLASTIC PRODUCTS, INC., ET., DEFENDANTS-APPELLANTS.

Ohio Appeals, Tenth District, Franklin County.

No. 5548.   Decided November 21, 1956.

606

*Messrs. Barkan, Brown, Reeves, Dobbs & Crites, Mr. Morton Y. Reeves,* of counsel, for plaintiff-appellee.

*Messrs. Wiles & Doucher, Mr. Arthur W. Wiles,* of counsel, for defendants-appellants.

(DEEDS and FESS, JJ., of the Sixth District, HUNSICKER, P. J., of the Ninth District, sitting by designation in the Tenth District.)

FESS, J. Appeal on questions of law from a judgment of the Common Pleas Court entered upon a verdict for plaintiff in the sum of $10,000.00.

On October 30, 1953, plaintiff's decedent, an eleven-year old boy, and his companion then ten years old, were riding their bicycles in tandem fashion in an easterly direction on Mound Street approaching its intersection with Ryan Avenue. Ryan Avenue intersects Mound from the north and dead-ends at Mound, resulting in a so-called T-intersection. As defendant's driver approached the intersection he stopped his truck in obedience to a stop sign, looked to his right and observed the two boys on their bicycles about 250 to 300 feet away and an automobile about 300 feet beyond the boys.[1] He then testified as follows:

"Q. Now, Mr. Finley, do you know how fast this motor vehicle was coming or could you estimate the speed? A. At approximately 20 or 25 miles an hour.

"Q. All right now, when you saw these three objects in Mound Street, sir, what did you do next then? A. I proceeded across Mound Street.

"Q. Did you watch the boys on the bicycles at any time after that? A. No, sir, I did not see them after that.

---

1. The driver testified the boys were riding side by side, but there is credible evidence that the decedent was riding three or four feet ahead of his companion.

"Q. Did you watch the automobile any time after that? A. No, sir."

The driver of the truck crossed directly over Mound Street and was entering the driveway of the defendant when decedent struck the right side of the truck, fell under the rear wheels, which ran over his body, resulting in his death soon thereafter.

The other boy testified that he observed the truck stopped two feet beyond the stop sign toward Mound Street and that after the boys were within fifteen or twenty feet away from defendant's driveway, the truck darted out fast. Decedent's companion "had started to ease on the brakes" and rode around the rear of the truck and stopped.

In our opinion, there was ample evidence to submit to the jury the issue of negligence on the part of the defendant.

On cross-examination, the other boy said that when he saw the truck start across, he eased on his brakes so that he could go around the back of the truck, and that decedent did not, but slid off the seat onto the crossbar and his feet were not on the pedals. Defendant asserts that decedent violated Section 4511.53, Revised Code, prohibiting a person operating a bicycle from riding otherwise than upon its regular seat; that he did not keep a lookout for approaching traffic; that he did not attempt to apply his brakes or to swerve his bicycle around the rear of the truck, but on the contrary rode directly into the side of the truck. But the contention of the defendant that the decedent, an eleven year old boy, may be held guilty of contributory negligence in this case as a matter of law is untenable. *Mazza* v. *Greenstein*, 82 Ohio App., 145. *Karr* v. *McNeil*, 92 Ohio App., 458, deals with a college student, 19 years of age, who violated a specific requirement. Furthermore, under the circumstances of the instant case, the question of proximate cause was for the jury. *Glasco* v. *Mendelman*, 143 Ohio St., 649. In the instant case, had the court undertaken to charge upon the provisions of Section 4511.53, Revised Code, it would have been required to comment on the doctrine of emergency, since the child, when confronted with the truck in his path of travel, may have exercised his best judgment under the circumstances. Nor may it be inferred that if the child had remained on the seat he could have avoided the collision. In any event, the failure

of the court to charge on the provisions of Section 4511.53, Revised Code, was not prejudicial under the circumstances presented. The court submitted the question of contributory negligence to the jury not only fully, completely and correctly, but repeatedly.

Defendant further contends that the verdict of $10,000.00 is excessive and was rendered under the influence of passion and prejudice. Other than the amount of the verdict, there is nothing in the record from which to infer passion or prejudice. Except in a case involving the death of a breadwinner of a family, the amount of a verdict in every wrongful death action is conjectural. Section 2125.02, Revised Code, provides that the jury may give such damages as it *may think proportioned* to the pecuniary injury resulting from such death. Ordinarily, upon review of the amount of a judgment in a wrongful death action, the reviewing court should not substitute its own speculation for that of the jury, unless the amount be manifestly against the weight of the evidence. In *Immel* v. *Richards* (1950), 154 Ohio St., 52, a majority of the Supreme Court affirmed a verdict of $5,000.00 for the wrongful death of a nine months old child, over a vigorous dissent of three members of the court.

Although the members of this court might have awarded a lesser amount, upon review we may not substitute our judgment for that of the jury. Nor do we find that the verdict as to the amount is manifestly against the weight of the evidence.

Judgment affirmed and cause remanded to the Common Pleas Court for execution.

Deeds, J., and Hunsicker, P. J., concur.