Taft, J.,
concurring. There are two reasons why I cannot concur in paragraphs two, three and four of the syllabus or in the majority opinion, which is based upon the conclusions that a “don’t know” answer by a jury to an interrogatory is not an answer thereto and that, where a jury gives such “don’t know” answers to interrogatories, there must be a mistrial notwithstanding a general verdict of such jury. These two reasons are:
(1) The majority opinion ignores the contention of plaintiff appellant that the defendant appellees, by permitting the jury to be discharged without requesting that it be required to answer interrogatories, waived any error predicated upon a failure to answer interrogatories. See Leach, Admx., v. Nanna (1955), 100 Ohio App., 26, 135 N. E. (2d), 451, which is cited and quoted from extensively in plaintiff appellant’s brief and which is distinguished in defendant appellees’ brief only on the ground that the interrogatories in the Leach case “were not answered * * * in any manner” instead of in some manner as in the instant case. See State v. Glaros (1960), 170 Ohio St., 471, 166 N. E. (2d), 379, and especially paragraph one of the syllabus thereof.
(2) The unanimous decision of this court and paragraph two of the syllabus in Bloor v. Platt (1908), 78 Ohio St., 46, *57 84 N. E., 604 (reinstating judgment on general verdict although jury gave “don’t know” answers to special interrogatories), appear to he directly contra to paragraph four and possibly to paragraphs two and three of the syllabus in this case and to the portions of the majority opinion purporting to give reasons for the judgment of affirmance.*
The trial court in the instant ease granted defendants’ motion for new trial on the sole ground that “the verdict is not sustained by sufficient evidence.” The principal contention of plaintiff appellant is that the trial court could not do this because that motion for new trial was not filed “within 10 days after the journal entry of a final order, judgment or decree * * * approved by the trial court in writing and filed with the clerk of the court for journalization” as required by Section 2321.19, Revised Code.
The jury had returned its verdict for plaintiff and been discharged on June 9, 1958; and defendants had filed their motion for new trial on June 10. However, the trial court did not approve in writing and file with the clerk for journalization its journal entry of judgment on the verdict until June 20.
In my opinion, Section 2321.19, Revised Code, as its words indicate, merely specifies a time within which a motion for new trial must be filed, i. e., within 10 days after the judgment is. rendered. That 10 days did not expire in the instant case before June 30, ten days after the judgment of June 20. Having been filed on June 10, the motion for new trial in the instant case had been filed “within” the time specified in the statute.
The statute contemplates an “application [or motion] for *58 a new trial.” No reason is apparent as to why such an application or motion cannot be made at any time after the trial has been completed. Certainly, the trial is completed when the jury has rendered its verdict and been discharged.
It follows that a motion for new trial, filed after the verdict and discharge of the jury and hence after the trial, should not be regarded as ineffective merely because it is filed before the judgment on the verdict.
As the trial judge pointed out, “the motion was on file at all times * * * it was a continuing motion for a new trial and everything seems to be regular except the manual act of refiling the same” after the journal entry of the judgment.
There is no inconsistency between this conclusion and the recent holding of this court (in which I did not concur) in Cohen v. Karavasales (1960), 171 Ohio St., 16, 167 N. E. (2d), 768. That case held that a notice of appeal from a final order of a Common Pleas Court could not be effective if filed before the court had made that final order. It is technically arguable that such conclusion was required by Section 2505.05, Revised Code, stating that “the notice of appeal * * * shall designate the order, judgment, or decree appealed from.” Until that order, judgment or decree has been made, it would be difficult to “designate” it as the statute requires. However, the fact that a judgment has not been rendered on a verdict that ended a trial obviously does not prevent an application, motion or other request for a new trial.
Therefore, I concur in the judgment because I am of the opinion that the trial court was authorized to rule on the motion for a new trial.
0’Neill, J., concurs in the foregoing concurring opinion.

Three lines after the quotation from Ohio Jurisprudence set forth in the majority opinion, it is stated:
“An indefinite finding, ‘Can’t answer,’ etc., to an interrogatory is in legal effect a denial of the existence of the facts embraced in the interrogatory and operates against the party whose case needs their support.” (In the instant case against defendant since admittedly all five interrogatories related only to the issue of contributory negligence.)
See also paragraph two of syllabus of Noseda v. Delmul (1931), 123 Ohio St., 647, 176 N. E., 571, 76 A. L. R., 1133 (“* * * special yerdict ♦ * ♦ not invalid because * ♦ * not * * * finding * * * on all ♦ * * issues. * ♦ * issues * * * not determined ♦ * * regarded as not proved by ♦ * * party which has * * ♦ burden of proof upon those issues”).