Aaron Edson **BLASKY**, Administrator of
the Estate of Dovie B. Blasky,
Plaintiff-Appellee,

v.

**WHEATLEY TRUCKING, INC.**, et al.,
Defendants-Appellants.

No. 72-2065.

United States Court of Appeals,
Sixth Circuit.

Argued April 5, 1973.

Decided June 29, 1973.

Leo J. Breslin, Trial Counsel, Cincinnati, Ohio, for defendants-appellants;
Lindhorst & Dreidame, Cincinnati, Ohio,
of counsel, for appellant, Wheatley
Trucking, Inc.

Walter C. Beall, Cincinnati, Ohio, for
plaintiff-appellee.

Before CELEBREZZE, MILLER and
KENT, Circuit Judges.

WILLIAM E. MILLER, Circuit
Judge.

This diversity action was brought in
the district court by the plaintiff as the
administrator of the estate of Dovie B.

Blasky, deceased. Mrs. Blasky died as a result of injuries received in a traffic accident involving the automobile in which she was a passenger and a tractor-trailer owned by the defendant, Wheatley Trucking, Inc. At trial the defendant admitted liability. The only issue before the jury was the determination of the amount of damages. The jury returned a verdict of $100,000 in favor of the plaintiff. Subsequently, the trial court overruled the defendant's motion for a new trial which challenged the amount of the verdict.

Mrs. Blasky was 67 years old at the time of her death and was survived by her husband and nine children. She was in good health and apparently was extremely active. The decedent was not formally employed at the time of her death nor had she produced any income for many years. She lived with her husband and performed in an exemplary manner all the myriad tasks of a housewife. Although Mrs. Blasky's children were all married and had separate residences, her attendance upon her children involved both family members moving into her home and her moving into theirs, often for extended periods of time. For example, one of Mrs. Blasky's daughters, Mrs. Jo Ann Jackson, testified that she lived with her mother for about a year after she was married; and during the course of an illness, before and after the birth of her child, Mrs. Blasky stayed with her for three months. During this latter period, which ended shortly before the fatal accident, Mrs. Blasky generally assumed the household duties as well as cared for the new baby.

Besides the members of the Blasky family who testified, the plaintiff presented an expert witness, a statistician for the Ohio Bureau of Employment Services, who testified to the range of wages of persons whose duties fall within the aggregate of those of a housewife. The average wage for such persons was approximately $2.50 per hour. The defendant's sole witness, a representative from a private employment service, testified that the average cost of help to perform domestic duties was $50.00 per week. It was also stipulated at trial that the life expectancy of Mrs. Blasky was 14.6 years and that of Mr. Blasky was 9.2 years.

The defendant contends that the verdict was excessive, contrary to the weight of the evidence and rendered under the influence of passion and prejudice, and hence the district court erred in overruling the defendant's motion for a new trial.

■ The standard of review in this case is whether the district court abused its discretion in denying a new trial. As this Court stated in Humble v. Mountain State Construction Company, 441 F.2d 816, 820 (6th Cir. 1971), a diversity action brought under the Kentucky Wrongful Death Act:

> It is well settled that even in a case in which jurisdiction of the District Court is based on diversity of citizenship and in which the appropriate state law controls on all substantive questions, the granting or denial of a new trial on the ground of excessiveness of the verdict is within the discretion of the District Court. The District Court's determination in this regard will not be disturbed except for an abuse of discretion. Mooney v. Henderson Portion Pack Co., 339 F.2d 64 (6th Cir. 1964); Montgomery Ward & Co. v. Morris, 273 F.2d 452 (6th Cir. 1960); Spero-Nelson v. Brown, 175 F.2d 86 (6th Cir. 1949).

■ While Ohio law may not be controlling on the issue of abuse of discretion by a federal trial judge in a diversity case, Ohio law does control the standard to be applied in determining damages under its Wrongful Death Statute.

The standard of damages under the Ohio Statute, Ohio Rev.Code Ann. § 2125.02 (Page, 1968), is stated as follows:

> The jury may give such damages as it thinks proportioned to the pecuniary injury resulting from such death to

the persons, respectively, for whose benefit the action was brought.

The Ohio courts have repeatedly and consistently held that the Ohio statute only allows recovery for pecuniary loss. As the Ohio Supreme Court stated in syllabus number 6 in Karr v. Sixt, 146 Ohio St. 527, 67 N.E.2d 331 (1946), a case decided under the predecessor statute to Ohio Rev.Code Ann. § 2125.02 (Page, 1968):

> 6. The term "pecuniary injury" as used in Section 10509–167, General Code, comprehends essentially injury measured by the prospective advantages of a pecuniary nature which have been cut off by the premature death of the person from whom they would have proceeded. The term does not embrace such elements as bereavement or mental pain and suffering of the beneficiaries or the loss of the society or comfort of the deceased.

*See also* Kennedy v. Byers, 107 Ohio St. 90, 140 N.E. 630 (1923). In Sutfin v. Burton, 91 Ohio App. 177, 193, 104 N. E.2d 53, 60 (1951) the court stated:

> The general rule in respect to the measure of damages recoverable for wrongful death, may be gleaned from American Jurisprudence on the subject "Death," Sec. 190 to 242, the gist of which is that in determining an amount of damages recoverable for wrongful death, it is proper to take into consideration such factors, varying in individual cases, as the victim's life expectancy, character, health, habits, talents, prospects, prior earnings, probable future earnings, needs of and contributions to dependents and current returns on investments.

The Ohio cases have stated that "[e]xcept in a case involving the death of a breadwinner of a family, the amount of a verdict in every wrongful death action is conjectural." Crider v. Columbus Plastic Products, Inc., 90 Ohio Law Abst. 605, 606, 190 N.E.2d 63, 64 (1956). *See also* Immel v. Richards, 154 Ohio St. 52, 93 N.E.2d 474 (1950);

Karr v. Sixt, 146 Ohio St. 527, 67 N.E. 2d 331 (1946).

██ The district court in denying the defendant's motion for a new trial stated: "The arithmetic was there to support the argument that the verdict should be substantial." We agree. The evidence of the life expectancy of the deceased and her spouse, of the deceased's character, talents and health, and the testimony of plaintiff's expert witness as to the range of values of services performed by the deceased for her husband and children, constituted in total effect ample support for the jury's verdict. The jury, of course, was not bound by the average figure for the services performed by the deceased as the defendant contends. Further, upon a reading of the entire record there is nothing from which to infer that the verdict was the result of passion or prejudice. We conclude that the district court did not abuse its discretion in denying the defendant's motion for a new trial.

██ The defendant also claims that the district court erred in failing to permit the defendant on cross examination to interrogate the plaintiff's nonexpert witnesses as to the amount of pecuniary loss each suffered due to the decedent's death. Under Rule 43 of the Federal Rules of Civil Procedure, a federal court is to apply the evidentiary rule, whether it is a state or federal one, which favors reception of the evidence. The Ohio rule was stated in Cincinnati Traction Co. v. Stephens, 75 Ohio St. 171, 79 N.E. 235 (1906):

> Upon the trial of such [wrongful death] action it is error to permit the plaintiff, the parent of the deceased, to give his opinion as to the value of his child's services to him and his family at the time of her death and thereafter, that being for the determination of the jury upon the facts given in evidence.

This principle would be equally applicable to the husband and children of the deceased on cross examination in the

present case. Thus under the Ohio rule the district court was correct in its ruling on this issue.

█ No case establishing a federal rule on this exact point has been found. We believe that the Ohio principle is the correct one to be applied here.[1] In any case, the district judge has wide discretion concerning evidentiary matters and in the present case the disallowance of the defendant's question, in our view, was not prejudicial to the extent that reversal is required. *See, e. g.,* Independent Nail and Packing Co. v. Mitchell, 343 F.2d 819 (1st Cir. 1965).

Affirmed.

---

1. We observe, however, that several states have permitted such questions. *See* VII

Wigmore on Evidence, § 1944 (3rd ed. 1940).