872 F.2d 1030
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfred E. VANHAVERBEKE, Administrator of the Estate of
Maureen VanHaverbeke, Plaintiff-Appellant,
v.
Timothy BERNHARD, Defendant-Appellee.
 No. 87-3962.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1989.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY, and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment in a wrongful death action predicated upon negligent infliction of emotional distress, intentional infliction of emotional distress and Ohio wrongful death statute, Ohio Rev.Code Sec. 2125.01 et seq., which arose as a result of an automobile collision. The trial court dismissed the emotional suffering and distress claims, but submitted the wrongful death claim to the jury. The jury returned a verdict in favor of the plaintiff-appellant, Alfred VanHaverbeke acting as the administrator of the estate of Maureen VanHaverbeke, for $74,812.57.
 
 
 2
 On appeal, appellant urges that the emotional suffering and distress claims were improperly dismissed and also that the damages on the wrongful death count were inadequate.
 
 
 3
 The trial court properly concluded that appellant had failed to present any evidence from which a jury could have concluded that Maureen VanHaverbeke, the decedent, had suffered from "severe and debilitating" emotional distress with which "a reasonable person, normally constituted, would be unable to cope adequately." Paugh v. Hanks, 6 Ohio St.3d 72, 451 N.E.2d 759 (1983). See also Shatkin v. McDonnell Douglas Corp., 727 F.2d 202, 206 (2d Cir.1984) ("[I]t must first be shown by a preponderance of the evidence that the decedent had some knowledge or other basis for anticipating the impending disaster; otherwise no basis would exist for a finding of fright or mental anguish.").
 
 
 4
 Appellant's claim that the jury's verdict in the amount of $74,812.57 on the wrongful death claim was inadequate is also misplaced. It is well-settled that damages in wrongful death actions are factual determinations left to the discretion of the jury. See, e.g., Molton v. City of Cleveland, 839 F.2d 240, 248 (6th Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 1345, --- L.Ed.2d ---- (1989); Jones v. Wittenberg University, 534 F.2d 1202, 1212 (6th Cir.1976); Blasky v. Wheatley Trucking, Inc., 482 F.2d 497, 499 (6th Cir.1973).
 
 
 5
 Accordingly, upon review of the claimant's assignments of error, the record in its entirety, the briefs of the parties, and the arguments of counsel, this court holds that the judgment of the district court is AFFIRMED in its entirety.