IN THE SUPREME COURT OF TENNESSEE
AT MEMPHIS
November 4, 2008, Session

## HELEN M. BORNER ET AL. v. DANNY R. AUTRY

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Madison County**
**No. C04-502      Donald H. Allen, Judge**

_____

**No. W2007-00731-SC-R11-CV - Filed May 26, 2009**

_____

This case involves the interpretation and application of Tennessee Code Annotated section 24-5-113(a), which provides a rebuttable presumption that medical bills itemized in and attached to the complaint are necessary and reasonable if the "total amount of such bills" does not exceed $4,000. We hold that a plaintiff may rely on section 24-5-113(a) if the total amount of the medical bills that are itemized and attached does not exceed $4,000, regardless of the total amount of medical expenses that may have been incurred. A plaintiff is not entitled to the presumption, however, if the plaintiff relies on medical bills that have been redacted to reflect a total of $4,000 or less. The judgment of the Court of Appeals therefore is affirmed in part and reversed in part, and the case is remanded to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission;**
**Judgment of the Court of Appeals Affirmed in Part and Reversed in Part; Case Remanded**

JANICE M. HOLDER, C.J., delivered the opinion of the court, in which CORNELIA A. CLARK, GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Mitchell G. Tollison, Jackson, Tennessee, for the Appellants, Helen M. Borner and Lekesa F. Borner.

Matt S. Shepherd and Wesley A. Clayton, Jackson, Tennessee, for the Appellee, Danny R. Autry.

**OPINION**

Facts and Procedural History

On December 7, 2003, an automobile driven by Helen Borner, in which Lekesa Borner and her minor son, Kaderius Hunt, were passengers, was involved in a collision with a pickup truck driven by Danny Autry. Both Helen and Lekesa Borner (collectively "Plaintiffs") received medical treatment primarily from Dr. Michael Hellman.

On December 7, 2004, Helen and Lekesa Borner, individually and on behalf of Kaderius Hunt, filed a lawsuit against Mr. Autry in the Circuit Court for Madison County for injuries sustained and medical expenses incurred as a result of the collision. Plaintiffs itemized their medical bills and attached copies of the bills to the complaint, invoking Tennessee Code Annotated section 24-5-113(a) (2000). This statute creates a rebuttable presumption that medical bills itemized in and attached to a complaint are necessary and reasonable if the "total amount of such bills" does not exceed $4,000.

In her effort to comply with section 24-5-113(a), Helen Borner listed three medical bills totaling $3,977.75: two bills in the amounts of $505.75 and $50 and Dr. Hellman's bill in the amount of $3,422. Lekesa Borner listed only Dr. Hellman's bill in the amount of $3,968. The medical bills as itemized and attached do not exceed $4,000 for either Plaintiff. After the itemization for each Plaintiff, however, the complaint states, "Plaintiff incurred medical expenses which exceeded the statutory amount of $4,000."

Mr. Autry filed a motion to strike the medical bills attached to the complaint, alleging that the total amount of each bill from Dr. Hellman had been "whited out" and that accurate copies of those bills showed over $4,000 in medical services rendered to each Plaintiff. Plaintiffs concede that they removed charges from Dr. Hellman's bills. Mr. Autry contends that the Plaintiffs may not rely on the presumption created by section 24-5-113(a) to establish necessity and reasonableness because the total amount of the medical bills incurred by each Plaintiff exceeds $4,000.

The circuit court granted Mr. Autry's motion to strike. Plaintiffs filed an application for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The Court of Appeals granted Plaintiffs' Rule 9 application, affirmed the trial court's judgment granting Mr. Autry's motion to strike, and remanded the case for further proceedings. We granted Plaintiffs' Rule 11 application for permission to appeal.

Analysis

This case involves the interpretation and application of Tennessee Code Annotated section 24-5-113(a). The issue before us is whether a plaintiff who has incurred medical expenses exceeding $4,000 may invoke the presumption in section 24-5-113(a) by itemizing and attaching medical bills totaling $4,000 or less.

An injured plaintiff bears the burden of proving that medical expenses the plaintiff is seeking to recover are necessary and reasonable. 22 Am. Jur. 2d Damages § 166 (2003 & Westlaw 2008); 25 C.J.S. Damages § 259 (2002 & Westlaw 2008); cf. Lindsey v. Strohs Cos., 830 S.W.2d 899, 903 (Tenn. 1992) (holding that the plaintiff employee failed to meet his burden of proving the necessity and reasonableness of medical charges incurred for purposes of his workers' compensation action). In all but the most obvious and routine cases, plaintiffs must present competent expert testimony to meet this burden of proof. See, e.g., Garner v. Maxwell, 360 S.W.2d 64, 68-69 (Tenn. Ct. App. 1961); 2 Litigating Tort Cases § 22:34 (Roxanne Barton Conlin & Gregory S. Cusimano eds.,

Westlaw 2008).  The prima facie presumption of necessity and reasonableness provided by section 24-5-113(a) assists claimants for whom the expense of deposing an expert may exceed the value of the medical services for which recovery is sought.  The presumption may be rebutted, however, by proof contradicting either the necessity or reasonableness of the medical expenses.

When adopted in 1978, section 24-5-113 stated, in pertinent part, "Proof . . . that medical, hospital, or doctor bills were paid or incurred because of any illness, disease, or injury shall be prima facie evidence that the bills so paid or incurred were necessary and reasonable."  Act of Mar. 14, 1978, 1978 Tenn. Pub. Acts 654.  The statute further provided that the "presumption shall not apply when the medical, hospital and doctor bills *total in excess* of $500.00."  Id. (emphasis added).  The statute made no reference to itemized or attached medical bills.  The plain language of the statute limited the application of the presumption to cases in which the total amount of medical bills incurred did not exceed $500.00.

The statute was amended in 1981 to delete the original language.  The 1981 amendment was substantially the same as the current version of section 24-5-113(a),[3] which states as follows:

> (a)(1) Proof in any civil action that medical, hospital, or doctor bills were paid or incurred because of any illness, disease, or injury may be itemized in the complaint or civil warrant with a copy of bills paid or incurred attached as an exhibit to the complaint or civil warrant. The bills itemized and attached as an exhibit shall be prima facie evidence that the bills so paid or incurred were necessary and reasonable.
>
> (2) This section shall apply only in personal injury actions brought in any court by injured parties against the persons responsible for causing such injuries.
>
> (3) This prima facie presumption shall apply to the medical, hospital and doctor bills itemized with copies of bills attached to the complaint or civil warrant; provided, that the total amount of such bills does not exceed the sum of four thousand dollars ($4,000).

Tenn. Code Ann. § 24-5-113(a).

Our role in construing a statute is to ascertain and give effect to the legislative intent without unduly restricting or expanding the statute's coverage beyond its intended scope.  Owens v. State,

---

[3] The language of the 1981 amendment differed slightly from the current language of section 24-5-113(a).  First, the statutory amount to which the presumption applied increased from $2,500 in 1981 to $4,000 in 2000.  Compare Act of May 20, 1981, 1981 Tenn. Pub. Acts 724-25 with Act of May 11, 2000, 2000 Tenn. Pub. Acts 2236.  In addition, the 1981 amendment referred to "said bills," not "such bills" as currently stated in subsection (a)(3).  Act of May 20, 1981, 1981 Tenn. Pub. Acts 724-25.  It is not clear from the legislative history when this language was amended.

908 S.W.2d 923, 926 (Tenn. 1995). In fulfilling this role, we presume that every word in the statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. In re C.K.G., 173 S.W.3d 714, 722 (Tenn. 2005). When the language of the statute is clear, we apply its plain meaning, without complicating the task. Eastman Chem. Co. v. Johnson, 151 S.W.3d 503, 507 (Tenn. 2004). When the statute is ambiguous, however, we may reference the history of the legislation to discern its meaning. Parks v. Tenn. Mun. League Risk Mgmt. Pool, 974 S.W.2d 677, 679 (Tenn. 1998). The construction of a statute and its application to the facts of a case are questions of law, which we review de novo with no presumption of correctness afforded to the lower court's conclusions of law. Lavin v. Jordon, 16 S.W.3d 362, 364 (Tenn. 2000).

The General Assembly's 1981 amendment of section 24-5-113 provided greater clarity to the requirements a plaintiff must meet to rely on the statutory presumption of necessity and reasonableness. In particular, the General Assembly added language that was almost identical to the language of subsection (a)(3) in the current version of the statute. Subsection (a)(3) states that the presumption applies to the "bills itemized with copies of bills attached . . . ; provided, that the total amount of *such bills* does not exceed" the permitted amount.[4] (emphasis added). A plain reading of this subsection indicates that the plaintiff may rely on the presumption if the total amount of the itemized medical bills that are attached to the complaint does not exceed the prescribed limit of $4,000, regardless of the total amount of the medical expenses actually incurred.

We disagree, however, with Plaintiffs' contention that the statutory presumption applies when the medical bills attached to the complaint have been redacted by a claimant to bring the total amount of the bill within the $4,000 limit. Section 24-5-113(a) refers to "bills," not "charges" or "portions of bills." It also requires "copies of bills" to be attached to the complaint. A "copy" is commonly understood as "[a]n imitation or reproduction of an original." Black's Law Dictionary 360 (8th ed. 2004). Applying this definition, a redacted bill is clearly not a "copy" of the original bill. Moreover, a plaintiff is required to itemize and attach medical bills to demonstrate the existence of "medical, hospital or doctor bills . . . paid or incurred." The reliability of such bills as prima facie evidence of necessity and reasonableness is diminished if the plaintiff is permitted to alter such bills unilaterally.

Plaintiffs have conceded that they redacted their respective medical bills from Dr. Hellman to bring the total amount of each bill under $4,000. The copies of the redacted bills attached to Plaintiffs' complaint consist of three columns: a listing of the service rendered, the charge for that service, and a cumulative total of all charges. The record reflects that Plaintiffs copied the bills up to a "line" that reflected a cumulative total of less than $4,000. Plaintiffs also "whited out" the total amount of each bill. The total amount of the unaltered copies of Dr. Hellman's bills exceeds $4,000. Plaintiffs therefore are not entitled to rely on the rebuttable presumption provided in section 24-5-113(a) to establish that Dr. Hellman's bills are necessary and reasonable.

---

[4] As noted in the previous footnote, the 1981 amendment referred to "said bills" rather than "such bills." Act of May 20, 1981, 1981 Tenn. Pub. Acts 724-25.

## Conclusion

We hold that a plaintiff may rely on the rebuttable presumption in Tennessee Code Annotated section 24-5-113(a) if the total amount of the medical bills itemized with copies attached to the complaint is $4,000 or less. A plaintiff may not rely on the presumption, however, if the medical bills itemized with copies attached to the complaint have been altered to reflect a total of $4,000 or less. Because the unredacted bills of Dr. Hellman exceed $4,000, these bills may not be used to invoke the presumption. The judgment of the Court of Appeals therefore is affirmed in part and reversed in part, and the case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed one-half to the plaintiffs, Helen and Lekesa Borner, and their surety and one-half to the defendant, Danny Autry, for which execution shall issue if necessary.

_____
JANICE M. HOLDER, CHIEF JUSTICE