**Theaudry HALL and Miracle Hall, Individually and as Husband and Wife, Plaintiffs,**

v.

**USF HOLLAND, INC. and John Doe, Defendants.**

**No. 14–cv–2494–SHL–dkv**

United States District Court, W.D. Tennessee, Western Division.

Signed January 12, 2016

Glenn Keith Vines, Jr., Mark N. Geller, Nahon Saharovich & Trotz, PLC, Memphis, TN, for Plaintiffs.

Marc H. Harwell, Leithner Williams Dooley & Napolitan, PLLC, Chattanooga, TN, Jeffrey E. Nicoson, Leitner Williams Dooley & Napolitan, Memphis, TN, for Defendants.

## ORDER ADDRESSING MOTION FOR PARTIAL SUMMARY JUDGMENT

SHERYL H. LIPMAN, UNITED STATES DISTRICT JUDGE

This personal injury suit stems from a collision between a truck and a motorcycle.

Before the Court is Defendant USF Holland, Inc.'s Motion for Partial Summary Judgment,[1] filed March 30, 2015. (ECF No. 59.) The question before the Court is, in light of the Tennessee Supreme Court's decision in *West v. Shelby Cnty. Healthcare Corp.*, 459 S.W.3d 33 (Tenn.2014), whether the full amount of the medical expenses originally charged by healthcare providers should come into evidence to prove damages, or whether the amounts actually paid by Plaintiffs' insurance constitute the necessary and reasonable charges for the purpose of calculating damages under Tennessee law. Defendant's Motion seeks to limit Plaintiffs' recoverable damages to the amounts actually paid by Plaintiffs' insurer. In contrast, Plaintiffs seek to recover their full, undiscounted medical bills as damages, and argues that any attempt to reduce those damages would violate the collateral source rule.DP1

The Court, applying Tennessee substantive law, holds that a Tennessee court would not find healthcare provider charges in excess of what an insurer paid to a provider to be "necessary and reasonable" costs that may be recovered as damages in a personal injury suit. Therefore, the Defendant's Motion is **GRANTED**. Plaintiffs are prohibited from introducing any undiscounted hospital charges as evidence of Plaintiffs' alleged damages.[2]

1. As Defendant does not actually seek a judgment, but rather seeks an evidentiary ruling excluding certain types of evidence, the Court treats Defendant's Motion as a motion *in limine* rather than a motion for partial summary judgment.

2. Plaintiffs argue that the Court cannot take judicial notice of the contract between Plaintiffs' insurer and the healthcare provider because the contract is not before the Court as part of the record. Even without the contract in the record, the Court may still rule that, as a matter of law, Plaintiffs are prohibited generally from introducing undiscounted medical bills greater than $4,000.00 to prove their reasonable and necessary medical expenses where the actual amount paid is an agreed-upon discounted amount.

## STATEMENT OF FACTS

While driving a motorcycle on June 12, 2013, Plaintiff Theaudry Hall collided with a commercial tractor-trailer, allegedly operated by Defendant USF Holland, Inc. (ECF No. 1-2 at ¶¶ 5-7.) Mr. Hall incurred a number of injuries that required treatment. Plaintiffs' medical bills totaled $90,641.85, which they assert as damages. (ECF No. 64-1 at ¶ 2.) However, Plaintiffs' insurer, pursuant to negotiated contracts, paid $40,414.88 in full payment of the medical expenses incurred. (*Id.* at ¶ 6.) Defendant's Motion seeks to prevent Plaintiffs from introducing evidence of medical expenses in excess of what Plaintiffs' insurer actually paid.

## ANALYSIS

■ There is no dispute of fact concerning the amount of medical expenses incurred by Plaintiffs and the amount actually paid by insurance.[3] Instead, Defendant's Motion argues that, in light of the Tennessee Supreme Court's ruling in *West v. Shelby Cnty. Healthcare Corp.*, 459 S.W.3d 33 (Tenn.2014), the Court should rule that, as a matter of law, the charges from undiscounted hospital bills do not constitute evidence of "reasonable and necessary" medical expenses recoverable by Plaintiffs where insurance companies satisfied those bills at a previously-negotiated, discounted rate. In response, Plaintiffs argue that *West* did not address the definition of "reasonable and necessary" in the context of a personal injury action, and that to reduce Plaintiffs' potential recovery by the difference between the undiscounted bill and the amount actually paid by Plaintiffs' insurer would violate the collateral source rule. The Court, stepping into the shoes of a Tennessee court, holds that, in light of the Tennessee

Supreme Court's ruling in *West,* undiscounted hospital bills do not constitute evidence of "reasonable and necessary" medical expenses that could be recovered by Plaintiffs where the hospital has accepted a negotiated, discounted amount.

The Court has jurisdiction over this case solely by virtue of the parties' diversity, and thus must apply Tennessee substantive law as if it were a court of the State of Tennessee. *See Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427–28, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996). The question of a plaintiff's damages is a substantive one. *See Blasky v. Wheatley Trucking, Inc.,* 482 F.2d 497, 498 (6th Cir. 1973) (applying Ohio law as standard for determining damages in wrongful death suit). Therefore, the Court must look to Tennessee statutes and case law to determine whether undiscounted hospital charges may be recovered by Plaintiffs as part of their damages.

Under Tennessee law, a plaintiff must prove that the medical expenses he or she seeks to recover as damages are both "necessary and reasonable." *Borner v. Autry,* 284 S.W.3d 216, 218 (Tenn.2009). There is no Tennessee case law directly on point concerning whether undiscounted hospital bills may be considered reasonable and necessary when a plaintiff's insurer has paid the hospital a negotiated, discounted rate. In 2014, however, the Tennessee Supreme Court addressed this issue in the context of the Hospital Lien Act. *West v. Shelby Cnty. Healthcare Corp.,* 459 S.W.3d at 33. In *West,* the hospital obtained a lien for the full, undiscounted charges for medical services provided to the injured plaintiffs. *Id.* at 38–39. However, the hospital had previously accepted discounted payments for those same services from the plaintiffs' insur-

---

**3.** The parties do contest liability, and liability is not an issue under consideration in this

Order.

ance companies, pursuant to prearranged contracts between the insurance companies and the hospital. *Id.* The Hospital Lien Act only allows hospitals to obtain liens for "reasonable and necessary charges," so the question before the court was which of the amounts was "reasonable and necessary"—the undiscounted bill or the discounted amount actually paid by the insurance companies? *See id.* at 44.

The *West* court held that only the amount actually paid (the discounted amount) could constitute the reasonable and necessary charges, focusing on the fact that the undiscounted hospital bills "did not reflect what was actually being paid in the market place." *Id.* at 45 (internal quotation and alteration omitted). Therefore, the court found that those rates did not realistically reflect the actual cost of the services provided. *Id.* The court also noted that discounted charges negotiated between a hospital and insurer *are* inherently reasonable because the agreement furthers the hospital's economic interests. *Id.*

Although *West* addressed the definition of "reasonable and necessary" charges within the context of the Hospital Lien Act, the same analysis applies within the context of a personal injury suit.[4] A plain-tiff in a personal injury case must prove that the medical bills offered as damages represent necessary and reasonable medical charges. Just like in the hospital lien context, inflated medical provider charges that are never paid in the actual marketplace are inherently unreasonable. Thus, such undiscounted hospital and other medical bills do not constitute Plaintiffs' reasonable costs for necessary services when Plaintiffs' insurer paid a lower, negotiated amount.[5]

■ Plaintiffs fear that the collateral source rule would be violated by the introduction of discounted bills indicating the amounts paid by insurance. To Plaintiffs, the discount provided by a hospital or medical provider to an insurer is a third-party benefit protected by the collateral source rule, which holds that the benefit an injured party receives from a third party does not reduce the defendant's liability. Restatement (Second) of Torts § 920A (1979). The purpose of the rule is to force a tortfeasor to " 'compensate for all the harm he causes, not confined to the net loss that the injured party re-ceives....' " *Fye v. Kennedy,* 991 S.W.2d 754, 763 (Tenn.Ct.App.1998) (quoting Restatement (Second) of Torts § 920A (1977)). However, the rule is still cabined

---

4. Plaintiffs devote many words to their argument that *West* did not define "reasonable and necessary" for the purposes of personal injury suits, and Plaintiffs are not incorrect about *West's* scope. However, *West's* analysis was clearly informed by personal injury case law. First, it noted that the definition of "necessary" medical expenses in the context of the Hospital Lien Act was analogous to that of a personal injury suit. *See West,* 459 S.W.3d at 44. Second, in determining that undiscounted medical bills beyond what the insurer paid are unreasonable, the court cited to a California Supreme Court case that held the same in a personal injury context. *See id.* at 45; *Howell v. Hamilton Meats & Provisions, Inc.,* 52 Cal.4th 541, 129 Cal.Rptr.3d 325, 257 P.3d 1130 (Cal.2011).

5. Plaintiffs contend that such a holding conflicts with Tenn.Code Ann. § 24–5–113(a)(3), which attaches a presumption of reasonableness to a tort plaintiff's medical bills under $4,000.00. Plaintiffs are mistaken. The Court's holding does nothing to disturb the presumption that medical bills under $4,000.00 are reasonable. Instead, the Court is subjecting medical bills beyond $4,000.00 to scrutiny to determine their reasonableness, as is required by Tennessee law. Applying such scrutiny, the Court has determined that any medical bills that are not presumptively reasonable, and that represent undiscounted charges greater than an amount actually paid, are unreasonable and unnecessary.

by the requirement that a plaintiff's medical expenses be reasonable and necessary. *See Borner*, 284 S.W.3d at 218. In other words, a plaintiff's recovery should not be reduced by the fact that a plaintiff's expenses were paid by a third party, but a plaintiff can still only recover those costs that were reasonable and necessary. The Court's ruling here addresses the second issue without changing the law on the first issue.

The Court has determined that the amounts paid by Plaintiffs' insurer constitute the reasonable costs of the necessary services rendered to Plaintiff. Since Plaintiffs' undiscounted hospital bills do not represent the reasonable cost of services provided, Plaintiffs would not be able to recover the amount stated on those bills. *See Keltner v. United States*, No. 2:13–cv–2840–STA–dkv, 2015 WL 3688461 (W.D.Tenn. June 12, 2015) (" '[T]he collateral source rule precludes certain deductions against otherwise recoverable damages,' it 'does not expand the scope of economic damages to include expenses plaintiff never incurred.' ") (quoting *Howell v. Hamilton Meats & Provisions, Inc.*, 52 Cal.4th 541, 129 Cal.Rptr.3d 325, 257 P.3d 1130, 1133 (2011)).[6] Thus, the Court's ruling does not conflict with the collateral source rule because it still allows Plaintiffs to recover the full extent of their reasonable and necessary medical expenses. However, to not run afoul of the collateral source rule, the evidence of the payment of the discounted amounts should be presented in a manner to not reflect third-party payments.

### CONCLUSION

For the foregoing reasons, Defendant's Motion (interpreted as a motion *in li-*

*mine*) is hereby **GRANTED**. Plaintiffs are prohibited from introducing evidence of medical expenses beyond what Plaintiffs' insurer actually paid to Plaintiffs' healthcare providers.

**IT IS SO ORDERED**, this 12th day of January, 2016.

---

**6.** Plaintiffs argue that Judge Anderson's holding in *Keltner*, violates the *Erie* Doctrine. Nothing in the *Erie* Doctrine precludes a federal court from using another state court's holding—especially one cited as persuasive authority by the Tennessee Supreme Court—to inform its analysis.