**Christin L. SMITH, Plaintiff,**

v.

**Eduardo Antonio LOPEZ-MIRANDA, Defendants.**

**No. 15-cv-2240-SHL-dkv**

United States District Court,
W.D. Tennessee, Western Division.

Signed February 10, 2016

Drew Davis, William B. Ryan, Donati Law Firm, LLP, Memphis, TN, for Plaintiff.

John Caleb Meriwether, Rainey Kizer Reviere & Bell, Jackson, TN, Nicholas J. Owens, Jr., Owens Law Firm, Memphis, TN, for Defendants.

## ORDER GRANTING MOTION *IN LIMINE* TO EXCLUDE ADMISSION OF UNREASONABLE MEDICAL EXPENSES

### SHERYL H. LIPMAN, UNITED STATES DISTRICT JUDGE

This personal injury suit stems from an automobile accident. Before the Court is Defendant Eduardo Antonio Lopez–Miranda's Motion *in Limine* to Exclude Admission of Unreasonable Medical Expenses, filed September 22, 2015. (ECF No. 26.) Unnamed Defendant ANPAC filed a response in support of Defendant's Motion on October 13, 2015. (ECF No. 29.) Plaintiff filed a response in opposition on October 26, 2015. (ECF No. 31.)

The question before the Court is, in light of the Tennessee Supreme Court's decision in *West v. Shelby Cnty. Healthcare Corp.*, 459 S.W.3d 33 (Tenn.2014), whether the full amount of the medical expenses originally charged by healthcare providers should come into evidence to prove damages, or whether the amounts actually paid by Plaintiff's insurance constitute the necessary and reasonable charges for the purpose of calculating damages under Tennessee law. Defendant's Motion seeks to limit Plaintiff's recoverable damages to the amounts actually paid by Plaintiff's insurer. In contrast, Plaintiff seeks to recover her full, undiscounted medical bills as damages, and argues that any attempt to reduce those damages would violate the collateral source rule.

The Court, applying Tennessee substantive law, holds that a Tennessee court would not find healthcare provider charges in excess of what an insurer paid to a provider to be "necessary and reasonable"

costs that may be recovered as damages in a personal injury suit. Therefore, the Defendant's Motion *in Limine* is **GRANTED**. Plaintiff is prohibited from introducing any undiscounted hospital charges as evidence of Plaintiff's alleged damages.

## BACKGROUND

This case stems from a car accident on May 9, 2014, in Memphis, Tennessee. (ECF No. 1 at ¶ 4.) Plaintiff, a Tennessee resident, alleges that she was a passenger in a car that was rear-ended by Defendant, a North Carolina resident, as a result of Defendant not paying attention to the road. (*Id.* at ¶ 6.) Plaintiff alleges that, as a result of this accident, she suffered numerous bodily injuries. (ECF No. 1.)

## ANALYSIS

As a preliminary matter, Plaintiff argues that the Court should not rule on Defendant's Motion until the completion of discovery because the Court cannot yet determine the specific amount of charges that may be in excess of what was actually paid to Plaintiff's healthcare providers. However, the Court sees no need to delay ruling on Defendant's Motion.

■■■ A court may grant or deny a motion *in limine* at its discretion. *Goldman v. Healthcare Mgmt. Sys.*, 559 F.Supp.2d 853, 858 (W.D.Mich.2008). While it may be appropriate to defer ruling on some evidentiary issues until trial provides the factual context, this issue is a legal one, not dependent on the particular dollar amounts at stake. The question of what constitutes damages, the amount charged by the medical providers or the amount actually paid by insurance companies after negotiations or pursuant to agreements, is an important legal issue to decide at this stage of the litigation as it may affect the approach of the parties. Therefore, the Court believes that it is indeed proper to rule on Defendant's Motion *in Limine* at this time.

## I. Admissibility of Plaintiff's Undiscounted Hospital Charges

■ Defendant's Motion *in Limine* argues that, in light of the Tennessee Supreme Court's ruling in *West v. Shelby Cnty. Healthcare Corp.*, 459 S.W.3d 33 (Tenn.2014), the Court should rule that undiscounted hospital charges in excess of what Plaintiff's insurer actually paid do not constitute evidence of "reasonable and necessary" medical expenses recoverable by Plaintiff. In response, Plaintiff argues that *West* did not address the definition of "reasonable and necessary" for the purposes of a generic personal injury action, and that reducing Plaintiff's potential recovery by the difference between the undiscounted charges and the amount actually paid by Plaintiff's insurer would violate the collateral source rule. The Court, stepping into the shoes of a Tennessee court, holds that, in light of the Tennessee Supreme Court's ruling in *West*, undiscounted hospital charges do not constitute evidence of "reasonable and necessary" medical expenses that could be recovered by Plaintiff.

The Court has jurisdiction over this case solely by virtue of the parties' diversity, and thus must apply Tennessee substantive law as if it were a court of the State of Tennessee. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427–28, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996). The question of a plaintiff's damages is a substantive one. *Blasky v. Wheatley Trucking, Inc.*, 482 F.2d 497, 498 (6th Cir.1973). Therefore, the Court must look to Tennessee statutes and case law to determine whether undiscounted hospital charges may be recovered by Plaintiff as part of her damages.

■ Under Tennessee law, a plaintiff must prove that the medical expenses he or she seeks to recover as damages are both "necessary and reasonable." *Borner*

*v. Autry,* 284 S.W.3d 216, 218 (Tenn.2009). There is no Tennessee case law directly on point concerning whether undiscounted hospital bills may be considered reasonable and necessary when a plaintiff's insurer has paid the hospital a negotiated, discounted rate. In 2014, however, the Tennessee Supreme Court addressed this issue in the context of the Hospital Lien Act. *West v. Shelby Cnty. Healthcare Corp.,* 459 S.W.3d at 33. In *West,* the hospital obtained a lien for the full, undiscounted charges for medical services provided to the injured plaintiffs. *Id.* at 38–39. However, the hospital had previously accepted discounted payments for those same services from the plaintiffs' insurance companies, pursuant to prearranged contracts between the insurance companies and the hospital. *Id.* The Hospital Lien Act only allows hospitals to obtain liens for "reasonable and necessary charges," so the question before the court was which of the amounts was "reasonable and necessary"—the undiscounted bill or the discounted amount actually paid by the insurance companies? *See id.* at 44.

The *West* court held that only the amount actually paid (the discounted amount) could constitute the reasonable and necessary charges, focusing on the fact that the undiscounted hospital bills "did not reflect what was actually being paid in the market place." *Id.* at 45 (internal quotation and alteration omitted). Therefore, the court found that those rates did not realistically reflect the actual cost of the services provided. *Id.* The court also noted that discounted charges negotiated between a hospital and insurer *are* inherently reasonable because the agreement furthers the hospital's economic interests. *Id.*

Although *West* addressed the definition of "reasonable and necessary" charges within the context of the Hospital Lien Act, the same analysis applies within the context of a personal injury suit. A plaintiff in a personal injury case must prove that the medical bills offered as damages represent necessary and reasonable medical charges. Just like in the hospital lien context, inflated medical provider charges that are never paid in the actual marketplace are inherently unreasonable. Thus, such undiscounted hospital and other medical bills do not constitute Plaintiff's reasonable costs for necessary services when Plaintiffs' insurer paid a lower, negotiated amount.

■ Plaintiff fears that the collateral source rule would be violated by the introduction of discounted bills indicating the amounts paid by insurance. To Plaintiffs, the discount provided by a hospital or medical provider to an insurer is a third-party benefit protected by the collateral source rule, which holds that the benefit an injured party receives from a third party does not reduce the defendant's liability. Restatement (Second) of Torts § 920A (1979). The purpose of the rule is to force a tortfeasor to " 'compensate for all the harm he causes, not confined to the net loss that the injured party receives....' " *Fye v. Kennedy,* 991 S.W.2d 754, 763 (Tenn.Ct.App.1998) (quoting Restatement (Second) of Torts § 920A (1977)). However, the rule is still cabined by the requirement that a plaintiff's medical expenses be reasonable and necessary. *See Borner,* 284 S.W.3d at 218. In other words, a plaintiff's recovery should not be reduced by the fact that a plaintiff's expenses were paid by a third party, but a plaintiff can still only recover those costs that were reasonable and necessary. The Court's ruling here addresses the second issue without changing the law on the first issue.

The Court has determined that the amounts paid by Plaintiff's insurer constitute the reasonable costs of the necessary

services rendered to Plaintiff. Since Plaintiff's undiscounted hospital bills do not represent the reasonable cost of services provided, Plaintiff would not be able to recover the amount stated on those bills. *See Keltner v. United States*, No. 2:13–cv–2840–STA–dkv, 2015 WL 3688461 (W.D.Tenn. June 12, 2015) (" '[T]he collateral source rule precludes certain deductions against otherwise recoverable damages,' it 'does not expand the scope of economic damages to include expenses plaintiff never incurred.' ") (quoting *Howell v. Hamilton Meats & Provisions, Inc.*, 52 Cal.4th 541, 129 Cal.Rptr.3d 325, 257 P.3d 1130, 1133 (2011)). Thus, the Court's ruling does not conflict with the collateral source rule because it still allows Plaintiff to recover her full reasonable and necessary medical expenses. However, to not run afoul of the collateral source rule, the evidence of the payment of the discounted amounts should be presented in a manner to not reflect third-party payments.

## CONCLUSION

For the foregoing reasons, Defendant's Motion *in Limine* is hereby **GRANTED**. Plaintiff is prohibited from introducing evidence of medical expenses beyond what Plaintiff's insurer actually paid to Plaintiff's healthcare providers.

**IT IS SO ORDERED**, this 10th day of February, 2016.