IN THE COURT OF APPEALS OF TENNESSEE
ATJACKSON
April 19, 2016 Session


**JEAN DEDMON V. DEBBIE STEELMAN, ET** AL.


**Interlocutory Appeal from the Circuit Court for Crockett County**
**No. 3288     Clayburn Peeples, Judge**



No.  **W2015-01462 -COA-R9-CV – Filed June 2, 2016**



Joe G. RILEY, Sp. J., concurring.

I fully concur with the majority opinion by my learned colleague based upon existing case law, which we are bound to follow as an intermediate appellate court. I write separately to express my concerns relating to modem billing practices of medical providers and their effect upon present-day personal injury litigation. Were it not for existing case law which we are bound to follow as an intermediate appellate court, I would apply the *West* rationale to personal injury litigation.

We know nothing in this case about the billing practices of the medical provider or whether it was under contract with the insurance company to accept the amount paid in full satisfaction of the charges. Plaintiff argues the doctor has opined the non-discounted charges are reasonable, and there is no proof otherwise. Defendants, in essence, contend the amount accepted by the medical provider should be conclusive as to the reasonableness of the charges. In the ultimate event of a remand to the trial court, it may well have information about the billing practices of the medical provider and whether it was under contract with plaintiffs insurance carrier. The majority opinion concludes that under existing law the doctor's testimony confirming the non-discounted charges as reasonable is admissible. It further allows evidence that "something less than the charged amount has satisfied, or will satisfy, the amount billed." The fact-finder would then determine the amount of the reasonable medical expenses. Based upon existing law, I agree with these conclusions.

Although the record before us does not establish the billing practices of the hospital,

–1

there is much to suggest that modem billing practices of medical providers reveal a large disparity between the non-discounted charges and the amount the medical providers accept on a regular basis as payment in full. I share the trial judge's frustrations in this regard. The non-discounted charges have become more fictional than actual.

The implications of the issue before this Court in personal injury litigation are far reaching. Let us assume a plaintiff had a broken leg requiring hospitalization. According to the billing of the hospital, the amount reflected in its non-discounted billing was $40,000. Assume further the plaintiff was on Medicare, and the medical provider accepted $8,000 in full payment. This disparity is very problematic depending upon the amount the plaintiff is entitled to use as the reasonable medical expense. Based upon experience, we can reasonably assume an $8,000 medical expense will ordinarily lead to a much lesser settlement or overall verdict than a $40,000 medical expense. The majority opinion takes a hybrid approach by allowing the introduction of both figures based upon existing case law. I agree that this approach is dictated by existing case law.

Thus, there are three possibilities relating to the amount of reasonable medical expenses if we consider the opposing positions of the parties and the majority opinion: (1) the non-discounted charges; (2) the amount accepted in satisfaction of the charges; or (3) the hybrid method. In making such a determination, several questions come to mind. Is a $32,000 windfall in such a case reasonable for a plaintiff? Is it reasonable for a defendant to pay such a large windfall? Will we be penalizing an insured plaintiff if we allow evidence of the true amount accepted in full payment? Should we let the jury make the ultimate determination after hearing the explanation for both numbers as the majority opinion dictates? If so, are we adding another layer of depositions to an already expensive pre-trial process? If the jury makes the ultimate determination after hearing the explanation for both numbers, will the unpredictability of the reasonable medical expenses in such cases be tolerable in personal injury litigation? Would we be misleading the jury by not telling them what the provider accepted in full payment? Are we afraid to tell the jury the truth about the amount of the bill and what was accepted in full payment?

These are difficult questions to answer. However, I believe that modem day medical provider's non-discounted charges generally dictate that the non-discounted charges are no longer the reasonable medical expenses. This large disparity between the non-discounted charges and what medical providers are willing to accept in full payment is a phenomenon primarily dictated by modem day healthcare practices. It would appear such a large disparity did not exist until relatively recently. In fact, *West* specifically stated the non-discounted charges are "unreasonable," at least in the context of the Tennessee Hospital Lien Act, because such charges do not reflect what is customarily being paid. *West v. Shelby County Healthcare Corp.,* 459 S.W.3d 33, 44-45 (Tenn. 2014). Furthermore, *West* recognized that

–2

"virtually no public or private insurer" pays the non-discounted charges; thus, the more realistic standard is what the hospitals are willing to accept in full payment of the charges. *!d.* I am fully aware that the language in *West* is *dicta* as applied to personal injury actions; however, the strong and explicit statements in *West* are compelling.

As noted in the majority opinion, three federal district courts in Tennessee have concluded that the *West* rationale applies in personal injury litigation. *See Smith* v. *Lopez-Miranda*, No. 15-CV-2240-SHL-DKV, 2016 WL 1083845, at *1-3 (W.D. Tenn. Feb. 10, 2016); *Hall v. USF Holland, Inc.*, No. 2:14-CV-02494, 2016 WL 361583, at *2 (W.D. Tenn. Jan. 12, 2016); *Keltner v. US.*, No. 2:13-CV-2840-STA-DKV, 2015 WL 3688461, at *3-5 (W.D. Tenn. June 12, 2015). If this Court were not bound by existing case law, I would conclude these cases were properly decided.

In other jurisdictions, the case law prohibiting evidence of the actual amount paid by insurance as compared to the actual charges is historically based on the collateral source rule. Under this rule "[p]ayments made or benefits conferred by other sources are known as collateral-source benefits" and do not reduce the recovery against the defendant. *Restatement (Second) of Torts* (1977) *§* 920A Comment (2)(b)).

I recognize the long-standing collateral source rule and agree it does not bar evidence of an amount accepted in full satisfaction of medical expenses in this case. This is because the rule as customarily applied assumes the actual charges or non-discounted charges are reasonable. The so-called actual charges or non-discounted charges today are fictional and no longer represent reasonable charges. *See West,* 459 S.W.3d at 44-45. Neither the injured party nor the insurer pays the non-discounted charges nor are benefits conferred upon the injured party based upon the non-discounted charges. In short, neither the insurer nor the injured party is ever liable for the non-discounted charges. Accordingly, I agree the collateral source rule does not bar evidence of the amount accepted in full satisfaction of the charges.

If the non-discounted charge is used as the reasonable medical expense, I believe the amount of the windfall to plaintiffs is no longer rationally based and is out of kilter as compared to the past. I do not necessarily believe that plaintiffs with insurance will be penalized by applying the *West* rationale because it is unclear what an uninsured plaintiff would have to pay based upon the non-discounted charges. Currently, a defendant in a case involving an uninsured plaintiff would certainly be allowed to attack the non-discounted charge and present evidence of what was customarily accepted in full payment. Under the rationale of *West*, the non-discounted charges should not be considered reasonable medical expenses where the medical provider is under contract with the payer to accept the lesser sum; thus, the jury would not be called upon to choose between the two numbers or to determine some compromise number. Consistency and predictability of reasonable medical

expenses would be maintained. Finally, and perhaps most importantly, we would be providing the jury or other fact-finder with accurate and truthful information. In short, I see no reason to continue to provide the jury or other fact-finder with misleading data. Plaintiffs would indeed recover the actual medical expenses.

In summary, I believe the time has come to re-evaluate the method of calculating reasonable medical expenses in personal injury litigation in light of modern billing practices and in accordance with the dictates of *West.* I do not believe our hybrid method will prove workable, nor do I think it is justified. However, this intermediate court is bound to apply the long-standing existing case law. For this reason, I concur with the majority opinion.

JOE G. RILEY, SPECIAL JUDGE

-4