IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 3, 2020

## SHELBY K. MARSH v. ANGELA D. LOWE ET AL.

**Appeal from the Circuit Court for Anderson County**
No. B6LA0143    Donald R. Elledge, Judge

————————————————————

**No. E2019-00697-COA-R3-CV**

————————————————————

This is an appeal from the judgment in a personal injury action in which the plaintiff sought to recover damages incurred in a car accident. The trial court granted summary judgment on the issue of liability. Following a hearing on the measure of damages at which the only proof was the plaintiff's testimony, the trial court entered a $5,000 judgment against the defendants. This appeal followed. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which RICHARD H. DINKINS and KENNY W. ARMSTRONG, JJ., joined.

James W. Friauf, Knoxville, Tennessee, for the appellant, Shelby K. Marsh.

Kristie N. Anderson, Jacksboro, Tennessee, for the appellees, Angela D. Lowe and Patsy Lowe.

## OPINION

### I.    BACKGROUND

On March, 27, 2016, appellee Angela Lowe rear-ended appellant Shelby Marsh's Fiat 500 on Interstate 75 while operating a car owned by appellee Patsy Lowe. In the operative amended complaint,[1] Ms. Marsh alleged that Angela Lowe was negligent by

---

[1] Plaintiff improperly named her uninsured motorist carrier as a defendant in the original complaint. Consequently, Plaintiff took a voluntary nonsuit and the uninsured motorist carrier was dismissed by order entered November 21, 2016.

failing to sufficiently slow down for traffic. She further alleged that Angela Lowe "was cited by law enforcement for DUI 1st; Reckless/Careless/Erratic Driving; Following Improperly; and Driver Distraction (Cellular In Use In Vehicle)." Ms. Marsh also alleged that Patsy Lowe was negligent in entrusting Angela Lowe to operate the vehicle. Ms. Marsh sought damages for her "reasonable and necessary medical expenses" and "pain and suffering and loss of enjoyment of life" that "is residual and ongoing." On February 22, 2017, Angela and Patsy Lowe each filed an answer denying Plaintiff's allegations.

Angela and Patsy Lowe did not engage in Ms. Marsh's discovery requests. Ms. Marsh moved for summary judgment against each defendant. Ms. Marsh also filed a Rule 36 request for admission against each defendant. Neither Angela Lowe nor Patsy Lowe responded to the motion for summary judgment or request for admission, and neither attended the trial court's hearing on the motion for summary judgment.

By order entered November 28, 2017, the trial court deemed admitted the request for admission served on Angela Lowe, pursuant to Tennessee Rules of Civil Procedure 36.01 and 36.02. In granting Ms. Marsh's motion for summary judgment against Angela Lowe, the trial court concluded as follows:

> On March 27, 2016, Defendant Angela Lowe negligently collided with the rear end of Plaintiff's vehicle, thereby directly and proximately causing Plaintiff to suffer injuries and damages . . . . Defendant Angela Lowe owed Plaintiff a duty of care to operate her vehicle in a prudent fashion and follow the rules of the road. By: (i) operating her vehicle while under the influence of alcohol and narcotics; (ii) using her cell phone while driving; (iii) following too closely; and (iv) striking the rear end of Plaintiff's vehicle, Defendant's conduct fell below the standard of care Defendant owed to Plaintiff. As a direct and proximate result of Defendant's breach of her duty of care, Plaintiff suffered injuries and damages and was ultimately forced to undergo surgical treatment for the injuries she suffered. Accordingly, the Court finds Defendant Angela Lowe was negligent and her negligent conduct directly and proximately resulted in Plaintiff's injuries averred in the complaint.

By order entered March 14, 2018, the trial court deemed admitted the request for admission served on Patsy Lowe, pursuant to Tennessee Rules of Civil Procedure 36.01 and 36.02. In granting Ms. Marsh's motion for summary judgment against Patsy Lowe, the trial court concluded as follows:

> Defendant Patsy Lowe negligently entrusted her vehicle to Defendant Angela Lowe, an individual with a history of alcohol and drug use. In the instant action, Defendant owed Plaintiff a duty to entrust her vehicle only to

an individual who would operate the vehicle in a safe and prudent manner. Defendant breached this duty by entrusting her vehicle to an individual whom Defendant knew or reasonably should have known was an incompetent driver. As a direct and proximate result of Defendant's breach of her duty of care, Plaintiff suffered injuries and damages and was ultimately forced to undergo surgical treatment for the injuries she suffered. Accordingly, the Court finds Defendant Patsy Lowe was negligent and her negligent conduct directly and proximately resulted in Plaintiff's injuries averred in the complaint.

On April 19, 2018, Angela and Patsy Lowe moved the court to set aside its orders granting summary judgment. Following a hearing, the trial court denied the motion to set aside by order entered December 27, 2018. The case proceeded to a hearing on March 8, 2019 "to determine the amount of damages, if any, to which [Ms. Marsh was] entitled for the negligent conduct of [Angela and Patsy Lowe]." Ms. Marsh's testimony was the only proof presented at the hearing on damages. By final order entered April 11, 2019, the trial court found that Ms. Marsh "should be awarded the sum of Five Thousand Dollars ($5,000) for the pain and suffering she had immediately after the accident." The trial court's finding and award of damages was "based on the lack of expert testimony that this was a permanent disability, or expert testimony that [Ms. Marsh's] pain would last for a lifetime, as well as the fact that there was no damage done to [Ms. Marsh's] vehicle." This appeal followed. Ms. Marsh filed a notice, pursuant to Tennessee Rule of Appellate Procedure 24(d), that she would not be filing a transcript or statement of the evidence.

## II.     ISSUE

Ms. Marsh raises one issue on appeal: Whether the trial court "improperly disregarded its previous summary judgment orders when determining causation and damages at trial."

## III.     STANDARD OF REVIEW

We review a non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*,

338 S.W.3d 417, 426 (Tenn. 2011).

The issue of "'[w]hether the trial court has utilized the proper measure of damages is a question of law'" subject to de novo review. *Memphis Light, Gas & Water Div. v. Starkey*, 244 S.W.3d 344, 352 (Tenn. Ct. App. 2007) (quoting *Beaty v. McGraw*, 15 S.W.3d 819, 829 (Tenn. Ct. App. 1998)). The amount of damages awarded is a question of fact and is, therefore, subject to review under the preponderance of the evidence standard. *Id*.

## IV. DISCUSSION

Regarding negligence, our Supreme Court has explained: "[A] negligence claim requires a plaintiff to prove the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate (legal) causation." *See, e.g.*, *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993). Duty is the legal obligation a defendant owes to a plaintiff to conform to the reasonable person standard of care to protect against unreasonable risks of harm. *Cullum v. McCool*, 432 S.W.3d 829, 833 (Tenn. 2013). The analysis of duty is specific to the particular plaintiff and defendant involved. *Nichols v. Atnip*, 844 S.W.2d 655, 662 (Tenn. Ct. App. 1992). The existence of a duty is a question of law, but the elements of causation in fact and proximate cause are matters to be resolved by the trier of fact. *Hale v. Ostrow*, 166 S.W.3d 713, 716-19 (Tenn. 2005). Likewise, the determination of damages in a personal injury case is within the province of the finder of fact. *See Grandstaff v. Hawks*, 36 S.W.3d 482, 499 (Tenn. Ct. App. 2000).

Ms. Marsh contends that because Angela Lowe's and Patsy Lowe's negligence was established through summary judgment, "the trial court should have awarded [Ms. Marsh] not less than One Hundred Twenty-Five Thousand Dollars and 00/100 ($125,000.00)," the exact amount of compensatory damages she claimed in her amended complaint. Implicit in her argument is that the $5,000 damages award does not cover the medical expenses she incurred after the accident with Angela Lowe.[2] We find these arguments to be without merit. Ms. Marsh's arguments ignore the fundamental tenet that she, as the plaintiff, must prove by a preponderance of the evidence the amount of her damages. *Littlejohn v. Bd. of Pub. Utilities of Paris*, No. W2001-00011-COA-R3-CV, 2002 WL 54404, at *3 (Tenn. Ct. App. Jan. 2, 2002). In the context of a personal injury action, we have previously instructed that:

---

[2] Ms. Marsh states, without any citation to the record, that the trial court "refused to permit [her] to introduce evidence of her reasonable and necessary medical expenses incurred as a direct and proximate result of [Angela Lowe's and Patsy Lowe's] negligence." We see no such evidentiary exclusion in the limited record before us.

- 4 -

The proof of damages need not be exact or mathematically precise. *See Airline Constr., Inc. v. Barr*, 807 S.W.2d 247, 274 (Tenn. Ct. App. 1990) (citing *Provident Life and Accident Ins. Co. v. Global Indem. Co*., 3 S.W.2d 1057, 1058 (Tenn. 1928); *Cummins v. Brodie*, 667 S.W.2d 759, 765 (Tenn. Ct. App. 1983)). Rather, the plaintiff must prove damages with a reasonable degree of certainty which enables the trier of fact to make a reasonable assessment of the damages. *See Overstreet v. Shoney's, Inc*., 4 S.W.3d 694, 703 (Tenn. Ct. App. 1999); *Airline Constr., Inc*., 807 S.W.2d at 273.

*Littlejohn*, 2002 WL 54404, at *3-4. In addition, "[d]amages may never be based on mere conjecture or speculation." *Overstreet*, 4 S.W.3d at 703 (citing *Western Sizzlin, Inc. v. Harris*, 741 S.W.2d 334, 335-36 (Tenn. Ct. App. 1987)). In personal injury cases, damages "are not measured by fixed rules of law, but rest largely in the discretion of the trier of fact and [are] entitled to great weight in the appellate courts in the absence of a showing of fraud or corruption." *Coakley v. Daniels*, 840 S.W.2d 367, 372 (Tenn. Ct. App. 1992) (citing *Blalock v. Temple*, 276 S.W.2d 493, 494 (Tenn. Ct. App. 1954)). We will not reverse the trial court absent a finding that the award of damages shows prejudice or is so grossly inadequate as to shock the conscience of the court. *See Karas v. Thorne*, 531 S.W.2d 315, 317 (Tenn. Ct. App. 1975) (citations omitted).

Furthermore, when a plaintiff seeks economic damages for past medical expenses, she "must prove that the medical bills paid or accrued because of the defendant's negligence were both 'necessary and reasonable.'" *Dedmon v. Steelman*, 535 S.W.3d 431, 438 (Tenn. 2017) (quoting *Borner v. Autry*, 284 S.W.3d 216, 218 (Tenn. 2009)). "In all but the most obvious and routine cases, plaintiffs must present competent expert testimony to meet this burden of proof." *Borner*, 284 S.W.3d at 218. "In Tennessee, the focus has always been on the 'reasonable' value of 'necessary' services rendered. A plaintiff must prove that the services rendered were 'necessary' to treat the injury or condition in question." *Fye v. Kennedy*, 991 S.W.2d 754, 764 (Tenn. Ct. App. 1998). "In other words, even if it is undisputed that the medical services were necessary, the plaintiff must prove 'that the charges in question were 'reasonable.'" *Dedmon*, 535 S.W.3d at 438 (quoting *Fye*, 991 S.W.2d at 764).

In this case, without a transcript or a statement of the evidence, our only means of evaluating Ms. Marsh's argument is by reviewing what was included in the appellate record—the trial court's orders. Here, the court's final order makes clear that Ms. Marsh did not try to prove her damages, particularly past medical expenses, by any means other than her own word. After hearing Ms. Marsh's testimony, the trial court found as follows:

[Ms. Marsh] testified that she did not suffer any property damage whatsoever to her Fiat as a result of the rear end collision.

- 5 -

[Ms. Marsh] offered no doctor deposition or testimony concerning the issue of the cause of the alleged injuries . . . nor was there any expert testimony as to what injuries were in fact allegedly incurred in this automobile collision, nor was there any doctor's or medical expert testimony concerning any permanent injuries suffered by [Ms. Marsh], nor was there any expert opinion concerning the reasonable and necessary medical expenses allegedly [in]curred by [Ms. Marsh] in this cause of action as a result of this collision.

[Ms. Marsh] offered no proof by any expert opinion of any treatment required or expenses incurred as a result of this collision that were reasonable and necessary, even though [she] testified that immediately following the collision, she was seen in the emergency room of Tennova North hospital where she was seen by the emergency room doctor and testing was performed on her, including x-rays, and then she followed that up by seeing her family physician, Dr. Peters. [Ms. Marsh] also testified as to procedures being performed on both hands/wrist, but there was no expert testimony that these procedures were necessary because of this collision, and in fact this Court finds that [Ms. Marsh] had issues with her neck and wrist/hands prior to this collision.

[Ms. Marsh] did not offer any testimony [of] her age or life expectancy.

[Ms. Marsh] had offered testimony concerning three different surgeries that she incurred, one related to her neck and two related to her wrist/hands, and that she had to do exercises in moving different ways two times a week[.] [H]owever, there was no medical expert opinion concerning the reason for those surgeries, or the cause of the injuries that required those surgeries, nor any medical opinion that those surgeries were necessary and reasonable and thus the expenses incurred for those surgeries were necessary and reasonable.

[Ms. Marsh] testified that she had suffered pain in her wrist and neck and was afraid that she was going to be paralyzed[.] [H]owever, the Court personally observed that she was not paralyzed, any disabilities that she might have were not observed by the Court, nor were any shown to the Court.

[Ms. Marsh] also acknowledged that she was involved in a serious accident in 2005 and, as a result of that accident, she had surgery on her neck which involved the use of a cadaver bone, and further as a result she had regular and chronic pain in her neck since at least 2005, if not 2002, and further she

had wrist pain and trouble holding things since around 2005.[3]

[Ms. Marsh] testified that she had trouble lifting five pounds[.] [H]owever, there was no subjective proof of this limitation, nor was there any expert proof concerning this alleged limitation.

[T]his Court specifically found that based upon [Ms. Marsh's] testimony, as well as her lack of expert testimony, that the severity of the collision was very minor, and in fact [Ms. Marsh] acknowledged that the[re was] no damage to her vehicle and that she had suffered for years from pain to her neck, wrists, and hands, and that she had been taking five different pain medications since 2005, [including] Oxycodone and Opana, and was now taking less pain medication than she was before this collision.

[Ms. Marsh] testified that she suffered from pain, but the Court could not distinguish what the pain [was] because there was no expert testimony offered.

[B]ased on the testimony of [Ms. Marsh] and base[d] upon the observations of [Ms. Marsh], which included how she responded to questions on both direct and cross examination, as well as the facts [that] this Court found as set out above, this Court questions the credibility of [Ms. Marsh].

"When no transcript or statement of the evidence is included in the record on appeal, we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct." *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005) (citing *J.C. Bradford & Co. v. Martin Constr. Co.*, 576 S.W.2d 586, 587 (Tenn. 1979)). We do not find the trial court's award of damages in the amount of $5,000 to be so grossly inadequate as to shock the conscience of this Court. The trial court had the opportunity to weigh the evidence and the credibility of the sole witness, Ms. Marsh, and made a sound determination. "When the trial court has seen the witnesses and heard the testimony, especially where issues of credibility and the weight of testimony are involved, the appellate court must extend considerable deference to the trial court's factual findings." *Richards v. Liberty Mut. Ins. Co.*, 70 S.W.3d 729, 732 (Tenn. 2002) (citations omitted).

The limited evidence in this record does not preponderate against the amount of the damages awarded to Ms. Marsh. Accordingly, we affirm the trial court's decision.

## V. CONCLUSION

---

[3] In contrast, the record contains Ms. Marsh's sworn affidavit stating, "[a]fter the collision [with Angela Lowe], I experienced pain in both of my wrists. I did not have this pain prior to the collision."

The judgment of the trial court is affirmed. The case is remanded for such further proceedings as may be necessary and consistent with this Opinion. Costs of the appeal are taxed to the appellant, Shelby K. Marsh, for which execution may issue if necessary.

_____
JOHN W. MCCLARTY, JUDGE